## Little *versus* Walton.

1. By the Act of 24th February, 1834, an administrator *de bonis non* had the right to receive from the former administrator the balance in his hands on the settlement of his account, though the balance was ascertained before the passage of the said Act.

2. Though the payment to the administrator *de bonis non* of the said balance was made *before* the passage of the Act of 1834, yet after its passage action was not maintainable against *the personal representatives of the first administrator* by the widow or children of the intestate for their distributive portions of the same: whatever right of action they had was against *the administrator de bonis non.*

ERROR to the Common Pleas of *Bucks county.*

This was an action of *assumpsit* by Rachel Little (who was widow of Thomas Little, deceased) *v.* Jacob Walton, administrator of the estate of Samuel Hartley, deceased, who was administrator of the estate of Thomas Little, deceased.

Letters of administration were granted to Samuel Hartley upon the estate of *Thomas Little,* deceased, on the 15th of May, 1832. He died shortly after, and letters of administration on his estate were granted to Cyrus Hartley and Jacob Walton. These administrators filed an account of the administration of Thomas Hartley upon the estate of Thomas Little, showing a balance of $294.44, which was confirmed by the Orphans' Court, April 23d, 1833.

Letters of administration d. b. n. on the estate of Thomas Little were granted to Joseph Hough on the 9th of Sept., 1833; and on the 31st of December, 1833, the administrators of Hartley paid the above balance of $294.44, to Hough, the administrator d. b. n. Hough became insolvent, and he was discharged from the administration, January 23d, 1839, and letters granted to Samuel A. Smith, one of his sureties in the administration bond. Smith filed

[Little v. Walton.]

a settlement as administrator of Little, and charged himself with the proceeds of the sale of real estate, paid the debts of the deceased, and distributed the balance among Little's heirs; but he did not charge himself with the amount of the personal estate received by Hough from Hartley's administrators.

The present suit was instituted the 14th day of May, 1850, by the widow of Little, to recover *the one-third* of the balance of the personal estate of her husband.

On the trial of the case, the defendant's counsel offered in evidence the receipt before mentioned from Hough, the administrator d. b. n., to Hartley's administrators, dated the 31st of December, 1833, and also the settlement of Hough, showing the receipt of said balance by him.

This was objected to by plaintiff's counsel on the ground that the administrators d. b. n., at that time, and before the Act of 24th of February, 1834, which went into operation on the 31st of October of that year, had no right to receive the money under the law as it then existed, and that it was therefore a mispayment.

The Court admitted the evidence, and exception was taken.

SMYSER, President Judge, charged that the Act of 24th February, 1834, gave to the administrator *de bonis non* the right to recover a balance in the hands of the former administrator; and that the administrator *de bonis non* was bound to distribute it amongst the creditors or heirs—that in this case the administrator *de bonis non*, having received the fund, and paid it over to his successor, the latter only, if any one, was liable to a suit by the plaintiff.

He observed that this view of the law rendered it unnecessary to decide upon the plea of the statute of limitations, and, upon the objection, that the plaintiff did not make a legal demand for her share of the fund till after seven years from the death of her husband.

February 10th, 1852, verdict for defendant.

It was assigned for error that the court erred,—1. In admitting in evidence the receipt from Hough, the administrator d. b. n., to the administrators of Hartley's estate.  2. In charging that the plaintiff was not entitled to recover.

*Du Bois*, for plaintiff in error.—It was contended that the administrator d. b. n. having been appointed *before* the Act of 1834, he had no right to receive the balance in the hands of the former administrator.  At the time of his receiving letters of administration, he gave bond; and it was contended that he was then entitled to receive only *the unadministered part* of the assets, and that his sureties could not be charged beyond the letter of the bond: 11 *Ser. & R.* 441, Reed *v.* Commonwealth; 3 *Rawle* 376.

[Little *v.* Walton.]

*Lear*, for defendants in error.—Though the payment in December, 1833, to the administrator d. b. n. were a mispayment; yet after the Act of 1834 took effect, the administrator d. b. n. settled an account, in which he was charged with the sum received by him from the former administrator. This charge was not excepted to by the sureties or the heirs. It was said that by the terms of the administration bond future accessions were contemplated.

The opinion of the Court was delivered by

BLACK, C. J.—A widow desires to have her share out of the proceeds of her deceased husband's personal property. To recover it she brings an action against the administrator of her husband's administrator; and he proves, by way of defence, that he has paid it long ago to the administrator *de bonis non* of the husband. Was this an answer to the action? By the 31st section of the act of 1834 it is declared, that administrators *de bonis non* shall be the proper persons to receive such funds from their predecessors or their legal representatives. It was intended to keep the administration in one line, and not compel the representative of a deceased administrator to make distribution of one part among the heirs and creditors of the original decedent while the administrator *de bonis non* was doing the same thing with another part of the same estate. But this, says the plaintiff's counsel, was a case in which the balance was ascertained and the administrator *de bonis non* appointed before the passage of the act and at a time when the law was otherwise. No matter. It has been twice decided (9 *Watts* 488; 7 *Barr* 315) that this section applies to cases then existing as well as to others which might thereafter arise. The argument against this construction of the law that it changes the responsibilities of sureties is not sound, for, in point of fact, it does not change them. The sureties are bound for all the money which may at any time come into the hands of the administrator *de bonis non* and with which he is chargeable in his accounts, whether anticipated at the date of the bond or not. Nor is the case altered by the fact that the payment was made previous to 1834. The act of that year having given to the administrator *de bonis non* the exclusive right to receive it, if he had it already, made it a fund in his hands for the very uses to which it would have been applicable in case he had got it afterwards. Those who will not accept this proposition without an argument to prove it, are referred to the convincing reasons furnished by the judge who tried the cause below.

Judgment affirmed.