## Slaymaker, Executor, etc., *versus* Farmers' National Bank of Lancaster.

1. Upon the death of an administrator, before the settlement of his account, his executor is entitled to recover from a bank the balance standing to the credit of a deposit account, which said administrator had opened in said bank in his representative capacity.

2. In such case, the bank is not justified in paying said balance to an administrator de bonis non of the intestate, and such payment, therefore, is no defence to an action subsequently brought therefor by the executor of said deceased administrator.

3. The rights and duties of administrators de bonis non explained and commented upon.

May 16th 1883. Before GORDON, PAXSON, TRUNKEY, STERRET and GREEN, JJ. MERCUR, C. J., did not sit. CLARK, J., absent.

ERROR to the Court of Common Pleas of *Lancaster county :* Of January Term 1883, No. 174.

Assumpsit, by Amos Slaymaker, executor of James L. Reynolds, deceased, who was administrator of William Mathiot, deceased, against the Farmers' National Bank of Lancaster, to recover the sum of $770.76, alleged to be a balance of deposits in said bank to the credit of "James L. Reynolds, administrator of William Mathiot, deceased." Pleas, non-assumpsit, payment with leave, and set-off.

On the trial, before LIVINGSTON, P. J., the plaintiff's evidence showed the following facts : On March 27th 1854, letters of administration on the estate of William Mathiot, deceased, were duly granted to James L. Reynolds, who, a few days later, opened a deposit account, in his name as " administrator of William Mathiot, deceased," in the bank defendant. Numerous deposits and checks were made and drawn, and balances struck, down to January 1st 1879, on which day the account showed a credit balance in favor of the said depositor of $770.76.

James L. Reynolds died April 5th 1880, and on the 10th day of the same month letters testamentary under his will were granted to Amos Slaymaker, the plaintiff in this suit.

On May 1st 1880 letters of administration de bonis non upon the estate of William Mathiot, deceased, were granted to Mrs. Catharine H. Mathiot.

On May 5th 1880 Mrs. Mathiot presented to the bank for payment a check drawn by her, as administratrix of William Mathiot, deceased, payable to herself or bearer, for $770.76, being the said balance standing to the credit of the account of "James L. Reynolds, administrator of William Mathiot, de-

[Slaymaker v. Farmers' Nat. Bank of Lancaster.]

ceased," which check the bank paid to her, and charged the amount thereof to said account of "James L. Reynolds, administrator of William Mathiot, deceased," thereby closing said account on the books of the bank, and also made a similar entry in the deposit book of said "James L. Reynolds, administrator of William Mathiot, deceased."

Plaintiff admitted that the bank defendant was not notified by him not to pay out said balance prior to payment thereof to Mrs. Mathiot on May 5th 1880, as above mentioned.

The plaintiff, as executor of James L. Reynolds, deceased, subsequently demanded payment from the bank defendant of said sum of $770.76, which was refused, whereupon this action was brought.

At the close of the plaintiff's case, showing the above stated facts, the court, upon motion of defendant, entered a compulsory non-suit, which the court in banc subsequently refused to take off. The plaintiff thereupon took this writ of error, assigning for error the refusal of the court to take off the judgment of non-suit.

*Amos Slaymaker* and *George M. Kline*, for the plaintiff in error.—The undoubted right of Mrs. Mathiot, as administratrix de bonis non, to receive the remaining assets belonging to the estate of the decedent, did not entitle her to collect the balance of the deposit account of her predecessor in the administration. Non constat, that on the settlement of her predecessor's administration account it would not appear that he was entitled to credit as against his intestate's estate for a part or the whole of said balance. The bank, being a mere debtor to its depositor, was bound to pay the balance to him, if alive, or if dead, to his executor. If Mr. Reynolds, while living, had ceased to be administrator, and Mrs. Mathiot had been appointed administratrix de bonis non, he would nevertheless, have been entitled to recover the balance in question from the bank, and she would have been entitled to any balance appearing to be due by him upon a settlement of his account, as administrator, in the Orphans' Court, which court has exclusive jurisdiction to ascertain the amount of a decedent's property, and order its distribution among those entitled to it. The case is not altered in principle by the accident of Mr. Reynolds' death, and the substitution of his executor to his rights. The payment by the bank to the administratrix de bonis non is no defence to this action by the executor of the original administrator, and the learned court therefore erred in refusing to take off the nonsuit entered upon that ground: Eyster's Estate, 5 Watts 133; Hamaker's Estate, 5 Watts 204 ; Bowman's Appeal, 12 Smith 166; Commonwealth v. Strohecker, 9 Watts 479; Stair v.

[Slaymaker *v.* Farmers' Nat. Bank of Lancaster.]

York National Bank, 5 Smith 364; Whiteside *v.* Whiteside, 8 Harris 473; Black *v.* Black, 10 Casey 354; Shollenberger's Appeal, 9 Harris 341; Ashford *v.* Ewing, 1 Casey 213; Linsenbigler *v.* Gourley, 6 Smith 166; Mussleman's Appeal, 15 Smith 480; Hammett's Appeal, 2 Norris 392; Carrick *v.* Carrick, 8 C. E. Green 364.

*W. M. Franklin* and *H. M. North,* for the defendant in error.—The bank was debtor, not to J. L. Reynolds, but to " J. L. Reynolds, administrator of William Mathiot, deceased." J. L. Reynolds could not have drawn the balance as an individual, and it follows his executor cannot. The bank was bound to recognize only the administrator of William Mathiot's estate, or his duly constituted successor in the trust. In the absence of notice of dispute, the bank had no concern with the state of the account between the administrator and the estate. That was a matter to be determined by the court having jurisdiction of the account. If Mathiot's estate was indebted to its former administrator, his executor can pursue his claim as a creditor. The bank, having accepted the deposit as the property of the estate of William Mathiot, deceased, was bound to honor the demand of the legal representatives of that estate, and having done so, cannot be called upon to pay a second time to the individual estate of a former legal representative of the Mathiot estate: Act of February 24th 1834, § 31, Purd. Dig. 425, pl. 99; Brooks *v.* Smyser, 12 Wright 86; In re Montgomery, 3 Brewst. 306; Frazier *v.* Bank, 8 W. & S. 18; Stair *v.* York National Bank, 5 Smith 364; Com. *v.* Barnitz, 9 Watts 257; Com. *v.* Strohecker, Id. 479; Drenkle *v.* Sharman, Id. 485; Weld *v.* McClure, Id. 495; Carter *v.* Trueman, 7 Barr 315; Meiser *v.* Eckhart, 7 Harris 201; Little *v.* Walton, 11 Harris 164; United States Bank *v.* Macalester, 9 Barr 475; Jackson *v.* Bank of the U. S., 10 Barr 61; American Board of Commissioners' Appeal, 27 Conn. 344.

Mr. Justice TRUNKEY delivered the opinion of the court, October 1st 1883.

Administrators de bonis non have power to recover from their predecessors, or their legal representatives, all moneys, goods and assets remaining in their hands, due and belonging to the estate of the decedent; to prosecute actions upon promises made to such predecessors in their representative character; to sue forth and defend writs of error, or of scire facias, or of execution upon judgments obtained in the name of their predecessors, and to proceed with unexecuted executions for collection of such judgments: provided, that in any suit for the recovery of money, goods or assets, remaining in the hands of

[Slaymaker *v.* Farmers' Nat. Bank of Lancaster.]

the predecessor, or his legal representative, brought before he shall have settled his final account, the court shall have power to stay proceeding therein, upon the defendant's filing such account in the register's office twenty days previous to the term next after the term to which the writ was returnable, until final settlement of said account, and the court in which the suit is pending, shall render judgment for the balance appearing by the account to be due to either party : Act of Feb. 24th 1834, P. L. 77. The object of the statute was to vest every administrator de bonis non with power to collect from his predecessor or his legal representative, all assets in his hands, or for which he was liable, that belonged to the estate : Commonwealth *v.* Barnitz, 9 Watts 252. Prior to its enactment, an administrator de bonis non could not recover the assets in the hands of his predecessor who had died ; then the creditors, legatees or distributees of the estate were under the necessity of resorting to the personal representatives of the deceased executor or administrator to obtain satisfaction of their respective claims ; but now they look to the successor who has all the powers of the original administrator and whose administration is a continuation of the original administration, under a separate responsibility, but by the same authority : Scott on the Int. Laws 518–521. All assets belonging to the estate of the decedent, remaining in the hands of the first administrator, or to which he was entitled but had not administered, must pass into the hands of the successor in office.

" An administrator de bonis non is entitled to all the goods and personal estate, such as terms for years, household goods, &c., which remain in specie and were not administered by the first executor or administrator. Also, it is holden that if an executor receives money in right of his testator, and lays it up by itself, and dies intestate, this money shall go to the administrator de bonis non, being as easily distinguished to be part of the testator's effects as goods in specie. And whatever assets are in the hands of a third person, at the death of an administrator or executor intestate, the administrator de bonis non may sue for the recovery :" Williams on Ex'rs 916 ; Bac. Abr. Ex'rs B. 2, 2. These principles relied on by the defendant, established long prior to the Act of 1834, were considered by this court in an elaborate opinion wherein it is said : " That the collection of debts due to the testator or intestate, or disposition, change or alteration of the goods made by the executor or administrator, would protect them from the claim of the administrator de bonis non, as unadministered goods ;" and " that if the goods are changed or altered, and remain no longer in specie, or have been disposed of, the administrator de bonis non cannot claim them ; and so of the debts, unless they be such as

[Slaymaker *v.* Farmers' Nat. Bank of Lancaster.]

grow out of contracts to which the testator or intestate was a party, for otherwise they cannot be said to be debts due and owing to the testator or intestate : Potts' Adm'r *v.* Smith, 3 Rawle 361 (pp. 370, 371). Money of the decedent, received, laid by itself, and remaining in specie, should not be confounded with money received by the executor in the conversion of goods and collection of debts belonging to the estate. Debts arising upon contracts made with the testator in his lifetime and owing to his estate, differ from debts contracted with the executor in the management of his trust. A note given to the executor for the price of goods of the estate is owing to him and assets in his hands ; but a note given to the testator is not assets in the executor's hands till paid. A judgment obtained by the executor against a person who owed money to the testator, is not assets in his hands until levied by execution or received ; but if a third person, without the executor's consent, receives money owing to the estate, and the executor sues such third person and obtains judgment, he becomes responsible as if the money had been paid to himself, and the judgment becomes assets the moment it is obtained : Jenkins *v.* Plume, 1 Salk. 207, cited in Potts *v.* Smith, supra.

Aside from the personal estate which remains in specie, and was not administered by the first executor or administrator, and the uncollected debts owing to the estate, the administrator de bonis non may recover the assets remaining in the hands of his predecessor. He can bring suit immediately, but the defendant may have proceedings stayed until the account shall be adjusted, and then the judgment shall be for the balance. What could more properly be embraced in the account than moneys received, disbursements, expenses and compensation for services ? Because it appears that the deceased executor or administrator did not embezzle the trust money, or mix it with his own, shall the whole be taken by his successor without deduction for just charges ? The law does not so intend. Where an executor, who was indebted to the testator on note and book account, and had certain articles of personal property belonging to the estate in his possession, proved the will, accepted the trust, and was qualified, but died before letters testamentary were actually delivered to him, and before he had inventoried or sold the goods ; it was held that the executor's administrator could file an account charging the executor's estate with said indebtedness and the value of the goods, deducting proper disbursements and claims for service ; and also that the administrator de bonis non was entitled only to the balance remaining in the hands of the predecessor after settlement in the Orphans' Court : Bowman's Appeal, 62 Pa. St. 166. There, the executor had done nothing with the goods, save taking care of them ;

[Northern Central Railway Co.'s Appeal.]

how much stronger must be the reason for an account' where the goods have been disposed of for money, or debts due the estate have been collected. Whatever doubt exists, whether goods which were in the executor's possession at the time of the testator's death and remained in specie till the executor's death, should not be taken by the administrator de bonis non, there can be none, that money received by the executor for goods he sells, and in payment of debts owing to the estate, is administered.

James L. Reynolds, administrator of William Mathiot, deceased, had an account in the bank, which began in 1854, and continued till his death in 1880. His deposits were numerous, many of them small, made in a number of years, aggregating over $30,000, and the balance when he died was $770.76. Whether that balance really belonged to himself for services and other just charges against Mathiot's estate, does not appear in the bank account, nor is it reasonable that it should. While living, he had absolute control of the deposit. Had the bank refused to pay it on demand, he could have sued and recovered in his own name ; he could not have recovered on a declaration averring that the debt was owing on a contract made with the deceased in his lifetime. In bringing suit, had he appended the words "administrator of William Mathiot," they could have been treated as surplusage, not affecting the merits of the case. No decree or order of any court or other cause appears why he, if living, or his legal representative, if dead, should not demand and recover the money. The facts are simple, and reveal a case for suit by the administrator de bonis non, if deemed necessary, to recover the balance of assets in his predecessor's hands ; not for his drawing out or seizing his predecessor's deposit in the bank.

Judgment reversed and procedendo awarded.