## Sibbs, Appellant, *v.* Phila. Saving Fund Society.

[Marked to be reported.]

*Administration de bonis non—Money in bank.*

If personal property be found unchanged in the hands of the representatives of a deceased administrator, the administrator de bonis non may take possession of it, and convert it into money; but he cannot take moneys collected by the deceased administrator, or standing to his credit as administrator, for this would be to interfere with the settlement of the account and deprive the estate of the administrator of the means of reimbursement for payments made, and for services rendered.

An administrator de bonis non is not entitled to recover from a bank the amount of a deposit which originally stood in the name of the intestate, but which the deceased administrator reduced to his possession by a transfer to his own credit, and which his administrator has since drawn out: Slaymaker v. Bank, 103 Pa. 616, followed; Stair v. Bank, 55 Pa. 364, distinguished.

Argued Jan. 13, 1893. Appeal, No. 170, July T., 1892, by plaintiff, Samuel S. Sibbs, Admr. d. b. n. of Margaret Berger, dec'd, from judgment of C. P. No. 1, Phila. Co., June T., 1892, No. 138, discharging rule for judgment for want of sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit to recover amount of bank deposit. Rule for judgment for want of sufficient affidavit of defence. The affi-

davit of defence set out the facts recited in the opinion of the Supreme Court. The court below discharged the rule.

*Error assigned* was discharge of rule.

*Thos. H. Speakman*, for appellant.—Letters of administration confer certain powers only upon the person to whom they are granted; these powers are not assignable, transferable, nor descendible; they cease instantly upon the death of the person to whom they are granted, except as to closing up matters actually in hand that have been so far administered as to lose their specific identity as belonging to the estate of the decedent: Williams on Executors, 1012; 4 Bac. Ab., p. 24; Potts v. Smith, 3 Rawle, 361; Attorney v. Hooker, 2 P. Wms. 338; Tingrey v. Brown, 1 B. & P. 310; Wankford v. Wankford, Salk. 162; Stair v. York Nat. Bank, 55 Pa. 364; Meiser v. Eckert, 19 Pa. 201; Slaymaker v. Bank, 103 Pa. 616.

Wherever the circumstances are such as for any reason to require an account to be first settled, the claim of the administrator d. b. n. will be postponed until such account is settled; this was the case of Bowman's Ap., 62 Pa. 166.

*Geo. Tucker Bispham*, not heard, for the appellee.—If the bank is compelled to honor the check of the administrator d. b. n., the consequences would certainly be serious. The estate of the deceased executor would at once, and without notice, be deprived of its opportunity of claiming proper credits and allowances. The executor who had paid debts of the estate, or who had earned commissions, or who had made disbursements, might, and in many cases would, have the assets, out of which he ought to have been paid, taken out of the hands of his legal representatives, and those representatives would be relegated to the mere right of calling upon the administrator d. b. n. of the original testator to account. Appellant's contention is contrary to Slaymaker, Ex'r, v. Farmers' National Bank of Lancaster, 103 Pa. 616.

The rule as stated in Slaymaker v. Bank is believed to be the rule in force to-day, and if there are any decisions looking the other way, they may be distinguished, or must be considered as overruled by the case just cited. Meiser v. Eckert, 19 Pa. 201, was a case in which the deceased administrator was not acting strictly in his capacity as administrator, but by

virtue of an order of court for the sale of real estate under the
act of assembly.   In Stair v. York National Bank, 55 Pa. 364,
the contest was not between the administrator d. b. n. and the
representative of the original administrator, but was between
the administrator d. b. n. and the bank into which the funds of
the original estate had been traced.

Prior to the act of Feb. 24, 1834, § 31, the administrator
d. b. n. had no remedy whatever in reference to assets in the
hands of his predecessors.   Those assets could be reached only
by parties interested in the estate.   See Potts v. Smith, 3
Rawle, 361, where the subject is fully discussed.   After the
passage of the act referred to, the administrator d. b. n. had a
right to call upon the former administrator for an account.
Little v. Walton, 23 Pa. 164.   The administrator d. b. n., there-
fore, can collect assets which never came into the hands of his
predecessors, and can compel the personal representatives of
his predecessors to account for the assets which did come into
his hands.

OPINION BY Mr. JUSTICE WILLIAMS, February 20, 1893:

The question in this case is raised on the following facts.
John Berger and Margaret Berger had, at some time in the
past, been lawfully married.   She did not continue to live with
her husband.   Some time after their separation, and while rep-
resenting herself to be a widow, she married G. W. Kurtz, with
whom she lived, as his wife, till her death.   Prior to her mar-
riage with Kurtz she had deposited, in her own name, a sum of
money in the defendant bank, which she allowed to remain
undisturbed while she lived.   After her death in 1888, Kurtz
took letters of administration upon the estate, and depositing a
certificate of his appointment with the bank, had the account
transferred to his credit as administrator.   It was so standing
when he died in 1889.   His daughter became administrator of
his estate, and in that capacity received from the bank the
amount standing to her father's credit as administrator.   All
this was done without knowledge on the part of Kurtz, the
bank, or the daughter of Kurtz, that his marriage to Margaret
Berger was not a valid marriage.   After it was done, John
Berger, the former husband, procured letters of administration
to be issued to the plaintiff, who brought this suit against the

bank to recover the amount of the deposit on the theory that
the payment to the administrator of G. W. Kurtz was wholly
unauthorized.  The question thus presented is whether the
administrator of Kurtz, or the administrator de bonis non of
Margaret, is the person entitled to demand from the bank the
money that stood on the books of the bank to the credit of
Kurtz as administrator?  Under our system of administration
the entire personal estate of an intestate passes to the adminis-
trator.  Before he can enter upon the duties of his office, the
administrator must give a bond with sureties, conditioned that
he will discharge the duties of his position with fidelity, and
account for all moneys that may come into his hands.  If while
engaged in the settlement of the estate of his intestate he dies,
his office becomes vacant.  His estate will be liable, as will his
sureties, for whatever he has received as administrator, and
for what he has reduced to his possession by changing its form
or the character of the security or credit.  For all the assets
remaining unchanged his liability ends, and an administrator
de bonis non must be appointed to take charge of them, and
finish the work of administration.  But while the estate of the
deceased administrator is liable, as he would have been if liv-
ing, for what he had in his possession belonging to the estate
under his care, it is entitled, as he would have been if living,
to credit for all his proper disbursements and services render-
ed; and to settle these and ascertain the balance, an account
must be stated.  When this is done the liability of his estate
and of his sureties is measured by the amount of the balance
appearing in his hands at the time of his death.  The adminis-
trator de bonis non has nothing to do with the separate items
making up the receipts of the accountant, and until the act of
1834, P. L. 77, he had nothing to do with the balance due the
estate when it was finally adjusted.  This was held in Potts,
Administrator de bonis non, v. Smith et al., 3 Rawle, 361, and
the principle was stated in these words: "An administrator
de bonis non can claim nothing but the goods, etc., of the in-
testate remaining in specie, unconverted and unchanged, at
the time of the death of the original administrator."  He could
not sue in assumpsit to recover moneys in the hands of the de-
ceased administrator for the reasons we have already given,
viz., that the estate was liable only for the balance found due

on the settlement of the account and for the further reason that the powers of the administrator de bonis non extended only to the goods of the intestate remaining in specie. This was distinctly ruled in Allen et al. v. Irwin et al., 1 S. & R. 549. The act of 1834, cited above, enlarged the powers of an administrator de bonis non so as to enable him to take the property of the intestate out of the hands of the representatives of the deceased administrator and go forward with the work of settling the estate. Thus if a horse, a piece of plate, a bundle of money laid away by itself, a note payable to the intestate, or the like, be found unchanged in the hands of the representatives of the deceased administrator, the administrator de bonis non may take possession of it and convert it into money ; but he cannot take moneys collected by him or standing to his credit as administrator, for this would be to interfere with the settlement of the account and deprive the estate of the means of reimbursement for payments made and for services rendered : Slaymaker v. Farmers' National Bank of Lancaster, 103 Pa. 616.

The case of Stair v. York National Bank, 55 Pa. 364, is cited by the appellant as authority for a contrary doctrine, but it is not. In that case notice was given to the bank before it parted with the fund, and the contest was over the ownership of a deposit of which the bank was still the holder. It was there held that the form of the deposit made a prima facie case for the depositor. If upon such a prima facia case the bank had paid the money without notice it could not have been held liable to a claimant seeking to overcome the prima facies of the deposit, after the fund was paid out. In that case the claimant successfully attacked and overcame the presumption of ownership arising from the form of the deposit and established his title. Upon the facts of that case the ruling may well be defended. In this case the claimant waits till, acting upon the prima facie title, the bank has paid out the money, and then denies the right of the bank to settle with its own depositor. Meiser v. Eckhart, 19 Pa. 201, is consistent with Slaymaker v. The Bank, supra. It holds that an administrator de bonis non may collect an uncollected judgment, taken by a deceased administrator for purchase money due the estate. The judgment taken by his predecessor was held to be an uncollected asset of the es-

tate of the intestate.   Little v. Walton, 23 Pa. 164, also cited by
the appellant, holds that the representative of a deceased ad-
ministrator may properly pay the ascertained balance due after
settlement of the account to the administrator de bonis non,
and that if this be done it is a good payment.   It is essential
to the protection of the estate of the deceased administrator,
and his sureties, that his account be finally settled before a right
of action accrues against them for what he has received or re-
duced to his possession in his lifetime ; for in this way only
can they have the benefit of the credits to which his services
and disbursements entitle them.   Kurtz having reduced the de-
posit in the defendant bank to his possession by a transfer of
the account to his credit it was subject to his check, and upon
his death passed to his administrator, in order that the admin-
istration account might be stated and settled.   The payment
was therefore properly made by the bank, and the court be ow
held the affidavit to be sufficient.

The action of the court below is affirmed and a procedendo
awarded.

The costs of this appeal to be paid by the appellant.