## Parkin, Appellant, *v.* Safe Deposit Bank.

*Banks and banking—Interest on deposits.*

1. In an action against a bank to recover interest on a large deposit from February 4 to March 1, 1910, a verdict and judgment against the bank will be sustained where it appears that under a resolution of the directors of the bank, and the course of dealing with its customers, two per cent interest was allowed; that the bank's contention that it did not pay interest for broken months, was contradicted by evidence that it did credit for fractions of months; that there was no special agreement with the depositor, and that both before and after February interest had been credited on the first day of other months.

2. In such a case a statement of interest omitting the period in controversy submitted by the bank to counsel for the administrator of the deceased depositor will not estop the administrator d. b. n. of the deceased depositor from claiming interest for the disputed period.

3. *Executors and administrators—Administrators d. b. n.—Right to bring suit.*

3. Where an administrator of a deceased administrator has filed and settled an account of a decedent's estate, an administrator d. b. n. of the decedent, subsequently appointed may maintain an action in his own name, to recover an asset not previously discovered.

*Practice, C. P.—Verdict—Jury.*

4. Where a jury returns a verdict for a sum stated with interest from a day named, but without having calculated the interest, the court has the power, after the jury has separated, to compute the interest and add it to the amount stated by the jury.

Argued Dec. 6, 1912. Appeal, No. 265, Oct. T., 1912, by plaintiff, from judgment of C. P. Schuylkill Co.,

Nov. T., 1911, No. 257, for defendant n. o. v. in case of Elizabeth R. Parkin, Administratrix d. b. n., v. Safe Deposit Bank. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit to recover interest on a deposit. Before BRUM, J.

At the trial it appeared that George W. Johns died intestate on December 22, 1908. Letters of administration on his estate were granted to Charles W. Parkin. The latter as administrator deposited with the safe deposit bank, the defendant, sums of money aggregating $173,131.05. The bank paid interest on checking accounts at the rate of two per cent and credited this account with interest at various times down to June 1, 1910, but did not allow interest from February 4, 1910, until March 1, 1910. It refused to pay for this period because it alleged that it did not pay interest for broken months. Charles W. Parkin died on January 17, 1910, and his administratrix, Elizabeth R. Parkin, filed an account in the estate of George W. Johns, deceased. This account was settled and distribution made. It was subsequently discovered that the bank had not allowed interest from February 4 to March 1, 1910, and Elizabeth R. Parkin then took out letters of administration d. b. n. on the estate of John W. Johns, and brought the present suit.

The jury returned a verdict for the plaintiff. Subsequently the court entered judgment for defendant non obstante veredicto.

*Errors assigned* were various instructions and rulings.

*C. E. Berger,* for appellant.—The suit was properly brought: Wagner's Est., 227 Pa. 460; Com. v. Mahon, 12 Pa. Superior Ct. 616; Jackson v. Gunton, 26 Pa.

Superior Ct. 203; Thornton v. Britton, 144 Pa. 126;. Com. v. Singer, 31 Pa. Superior Ct. 597.

*Daniel W. Kaercher,* for appellee, cited: Slaymaker v. Farmers' National Bank of Lancaster, 103 Pa. 616; Kuntz's Est., 230 Pa. 557.

OPINION BY HENDERSON, J., July 16, 1913:

The verdict of the jury was an affirmance of the plaintiff's claim that the defendant owed to the estate of George W. Johns interest at the rate of two per cent per annum from February 4, 1910, to March 1, 1910, on the money deposited to the credit of the estate. There was not any contest in regard to the amount of the deposit nor was it disputed that under the standing resolution of the board of directors of the bank and the course of dealing with its customers two per cent interest was payable on checking accounts. An effort was made to show that this account was to be differently treated from those of other patrons of the bank; that under the practice of the bank interest was not paid for broken months and that interest having been credited on the account for a period up to February 4, no interest was chargeable from that date to the first of the next month. It being conceded that interest was allowed to February 4, 1910, and a large part of the fund having been kept in the bank until after June 1, 1910, it was a difficult undertaking on the part of the defendant to show that the practice was not to pay for broken months and that the period from February 4 to March 1, should be excluded in crediting interest, for the credit on February 4 included a fraction of that month and if the allowance was only for even months the credit should have been made on the first day of the month, in which case the estate would have been entitled to interest for the whole of the month of February. It was not the privilege of the defendant to allow credit for a month and four days and then refuse the payment of interest for the remainder of the month because it was a fraction of a month. It might well be concluded under the evidence

that the bank did credit for fractions of months or that it disregarded its rule for the purpose of gaining an unwarranted advantage.

The learned court was of the opinion, however, that the verdict could not be sustained because the action was improperly brought in the name of the administrator d. b. n. of the estate of George W. Johns and that the action could only be maintained by the administrator of Charles W. Parkin who had been administrator of the Johns estate. This conclusion was based on the decision. in Slaymaker, Executor, etc., v. Farmers' National Bank of Lancaster, 103 Pa. 616. That case, however, did not decide the point now under consideration. The question there was whether the administrator de bonis non was empowered to check from the bank money collected and deposited by the former administrator. The evidence showed that the administrator had made large deposits through a number of years and that the balance remaining was a few hundred dollars. Whether that belonged to him for services and other charges against the estate or was the property of the estate did not appear in the bank account. The administrator when living had absolute charge of the fund and his interest in and relation thereto could only be ascertained when his administration account was settled. Before that time there was nothing to show that the estate of the decedent had any fund in the bank. The same result was arrived at in Sibbs v. Philadelphia Savings Fund, 153 Pa. 345. The controversy there was in regard to the control of a bank deposit standing in the name of Kurtz, administrator. The action was by the administrator of the decedent whose estate Kurtz had administered. The decision was that the administrator de bonis non was not entitled to money received and deposited by the deceased administrator for the reason that that would interfere with the settlement of the account and deprive the estate of such deceased administrator of the means of reimbursement for payments made and for services rendered, and the distinction is there pointed out between assets con-

verted by the administrator into money and choses in action and other property not reduced to possession, as illustrated by Meiser v. Eckhart, 19 Pa. 201. The thirty-first section of the act of February 24, 1834, P. L. 70, authorizes administrators de bonis non with or without a will annexed to commence and prosecute actions upon promises made to their predecessors in their representative capacity and this invests the plaintiff with authority to sue on an express or implied promise of the defendant to Parkin, administrator. If a promise existed it was in behalf of the Johns estate. It was made to Parkin in his representative capacity and thus the administrator de bonis non had standing to recover the claim. The act confers authority on the administrator de bonis non to take possession of and administer all the unadministered assets of the decedent's estate. This is not to be done, however, in a way to interfere with the possession of such assets until an account has been filed disclosing what part of the estate stills remains unadministered in the hands of the former representative: Wagner's Estate, 227 Pa. 460; but where there has been such settlement, and assets of the estate not administered are discovered, an action therefor may be maintained by the administrator de bonis non. We are unable to agree, therefore, with the conclusion of the learned trial judge that a judgment for the administrator de bonis non would not be a bar to an action brought by the administrator of the administrator for the amount in controversy.

No authority is shown in the attorney of the administrator of Chas. W. Parkin to release the bank from any indebtedness it owed the estate which Parkin represented, and it was not shown that the omission to promptly call the attention of the bank to the claim had prejudiced the latter in any way. If we are to treat the delivery of the statement of the amount of interest which the bank claimed it owed as a stated account it by no means follows that the plaintiff is shut out from showing by competent evidence that a mistake had been made. The delivery

to the counsel of the administrator of Parkin of the statement that the estate was entitled to a credit of $815 for interest on deposits did not work an estoppel. It was in any view of the case only prima facie evidence of its correctness and was open to impeachment for fraud or mistake: Shillingford v. Good, 95 Pa. 25; Teller v. Sommer, 132 Pa. 33; Allegheny County Light Co. v. Thoma, 31 Pa. Superior Ct. 102.

The verdict as returned by the jury was for $280, with interest from July 1, 1910, to January 20, 1912. The jurors then returned and were again brought into the court room whereupon the plaintiff's counsel moved the court that the jury be directed to calculate the interest on the $280, from July 1, 1910, to January 20, 1912. Objection was made to this by the counsel for the defendant on the ground that the jury had separated and left the court room and the presence of the court. The court sustained this objection and declined to direct a verdict for the whole amount found by the jury as shown by the verdict, but this we think may be corrected now. The verdict fixed a definite sum with which the defendant is chargeable and a definite date from which interest is to be computed on that indebtedness, to wit: from July 1, 1910. There is no doubt as to the meaning of the verdict and no uncertainty as to the amount of the debt nor the time from which interest is chargeable. While the jury should properly have included the interest in the indebtedness up to the time of the rendering of the verdict and this should have been computed under the direction of the court before the jury was discharged no injustice is done in making the computation of interest from the date fixed by the jury.

On the case as presented we are of the opinion that the learned court erred in entering judgment for the defendant on the rule for judgment non obstante veredicto.

The judgment is therefore reversed and the record remitted to the court below with instructions to enter judgment for the plaintiff on the verdict unless other sufficient cause be shown to the contrary.