## Kuntz's Estate.

*Executors and administrators—Removal of executor—Order to deliver assets—Bond for supersedeas—Practice, O. C.*

1. Where there is pending in the orphans' court at one and the same time an appeal from a probate of a will, an application in the same estate for an issue devisavit vel non and a petition asking for the appointment of an administrator pendente lite, it is proper for the court to pass upon the petition for the appointment first and to appoint an administrator pendente lite if the facts warrant it. It is irregular practice to order all matters relating to these issues to be heard together, but such action of the court in itself is not reversible error. If, however, the court in dismissing the appeal, the application and the petition, at the same time enters a decree removing the executor upon a mere motion for removal, after all the testimony was in, and after it had refused to expunge averments in the petition which were only relevant upon the validity of the will and without bearing upon the removal of the executor, the decree of removal will be reversed.

2. In such a case the executor has just ground for complaint, because he was not given an opportunity during the whole course of the hearing to fairly meet and answer any direct issue involving his peremptory removal as executor.

3. Pending an appeal from an order removing an executor, the orphans' court is not justified in making a peremptory order upon the

executor to deliver over the assets in his hands to an administrator who had been appointed in the meantime, where it appears that the executor had no time to file an account, that he had not been asked nor given an opportunity to enter security, that he was not charged with embezzlement, and that he was ready, as the evidence showed, to render an account of his administration of the estate.

4. Where an executor, who has been removed from his office, has surrendered all the personal assets, except household goods and effects, the orphans' court in fixing the amount of the bond in order to make the appeal from the order of removal a supersedeas, should not include in such amount the value of the decedent's real estate. The income from the real estate may be included, but not the corpus.

Argued Oct. 12, 1910. Appeals, Nos. 34 and 156, Oct. Term, 1910, by R. C. McConnell, executor, from decrees of O. C. Washington Co., Nov. T., 1908, No. 35½, removing executor, etc., in Estate of Nancy W. Kuntz, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Petition for appointment of an administrator pendente lite.

The facts are stated in the opinion of the Supreme Court.

Paragraphs 5, 6 and 11 of the petition asking for the appointment of an administrator pendente lite were as follows:

5. That the husband of Nancy W. Kuntz died more than ten years prior to her death and that his will was duly admitted to probate and R. C. McConnell was one of the executors of said will and settled said estate, and, according to the reports filed by him, he paid, at the time of the settlement of said estate about ten years ago to the said Nancy W. Kuntz, $75,000, in cash and securities, and that under said will she became invested with the title to certain real estate which she still held at the time of her death; that the said Nancy W. Kuntz was at that time about sixty-five years of age and had no children and lived alone in the city of Washington except that at times she had a servant; that she was in no manner

familiar with business and had transacted no business of any consequence during her lifetime and up to that period; that the said R. C. McConnell, whose office was a few doors from her residence, succeeded in establishing himself in the confidence of said Nancy W. Kuntz and thereafter and up to the time of her death handled all her business, making investments, transferring securities, collecting money, disbursing money, and in fact doing everything that there was to be done in the transaction of her business, she simply signing papers from time to time under his direction and signing checks in blank, under which he received or paid out money from her account in the bank; that he had absolute control and domination of the will of the said Nancy W. Kuntz and transacted all of said business and handled all of said securities from the time she received the same up to the time of her death.

6. That as aforesaid she received from the estate of her husband about ten years ago the sum of $75,000 in cash and securities; that she was frugal and saving and lived very modestly and spent only such sums as would purchase the mere necessaries of life and, as petitioner believes, she did not expend more than the sum of $1,000 per year for living expenses.

11. The petitioner shows the court that as charged in the petition of said Samuel Workman, who is contesting the will, the said R. C. McConnell drew said will, being the attorney and confidential adviser on legal and business matters for the said Nancy W. Kuntz during her widowhood, and that he drew said will in such manner that under its provisions he receives the sum of from $50,000 to $60,000; that said bequest under which he can derive this sum is not made openly and in such manner that the language can be understood by an ordinary person, but that his right to receive such money is veiled and covered under technical language copied from Beck's App., 116 Pa. 547, such language being as follows:

"Twenty-first: After the payment of all the foregoing legacies or bequests, expenditures and all other expenses

of the carrying out of the provisions of this my last will and settling my estate considering those of my relatives, just and liberal, I do hereby give and grant unto my executor hereinafter named full and unlimited power and authority to appropriate or dispose of all the rest, residue and remainder of my estate, real and personal, or the proceeds arising from the sale thereof to such objects, persons or institutions as in his direction shall be best and proper, as I have full confidence in his judgment, ability and integrity in the premises."

That the said R. C. McConnell is then named as executor and under the said language and the decision of the Supreme Court aforesaid, he became vested with the full power to appropriate all of the residue of said estate, amounting to from $50,000 to $60,000 as aforesaid, based upon the property actually inventoried, and this petitioner charges that the said will was drawn as part of a scheme to defraud the heirs of the deceased and that upon the whole record the said R. C. McConnell is not entitled to continue as executor of said estate pending the will contest, but that he should be removed and a special administrator be appointed until the rights of the parties have been determined; that in view of his relations with the testator and the fact that he has handled the business in the manner stated, there is a necessity for an accounting between himself and said estate, and that he should not be permitted to act as such executor at least until all questions between the said estate and himself have been fully adjudicated.

On a motion to expunge the above paragraphs, McIL-VAINE, P. J., filed the following opinion:

The exceptions filed in this case aver that paragraphs five, six and eleven of the petition filed by S. W. Fairall in this proceeding are impertinent and scandalous, and the exceptant moves the court to expunge the same from the record for that reason; and he also alleges that S. W. Fairall is a nonresident of this state, and moves the court

for an order requiring him to file a bond in a proper sum with sufficient sureties, conditioned for the payment of all the costs that he may be ordered to pay in this proceeding.

The principal complaint of the exceptant under the first motion that he has made is that the present proceeding is intended by the petitioner to "obtain in advance of a hearing in the contest upon the will, the case to be made out by the proponents of the will." He states that the averments as contained in the fifth, sixth and eleventh paragraphs of S. W. Fairall's petition are substantially the same as contained in the petition for an issue devisavit vel non in this court, at No. 48, November Term, 1907, and that he has already answered these averments in that proceeding, and that a hearing will have to be had upon the issue raised by the averments and the answer filed; and he, in addition, avers that he is perfectly willing and ready to answer them in this proceeding if the court decrees it necessary. This presents two questions. First, are the allegations contained in the fifth, sixth and eleventh paragraphs of the petition filed in this proceeding irrelevant to the questions which the court will have to decide in determining whether the petitioner is entitled to the relief he prays for? A careful reading of the petition has satisfied us that they may not be wholly irrelevant, but that the facts therein alleged, if true, might throw some light upon the conduct of the executor since letters of administration were issued to him. We therefore overrule the motion to expunge from the record these three paragraphs of the petition.

The second question for our consideration under this motion is whether or not the investigation in this citation can be made in any way to prejudice the investigation in the proceeding to No. 48, November Term, 1907, wherein an issue devisavit vel non is sought. We are of the opinion that this can be avoided by the court controlling the manner, the time and place of taking the testimony in the two proceedings; and when the time comes for the appoint-

ment of an examiner to take testimony in this citation, if it is the desire of the exceptant we can direct the testimony to be taken before the same person that takes the testimony in the rule for an issue, and direct also that the examination of witnesses in support of the three paragraphs to which objection is here made and which are contained in the petition for an issue, shall be taken at one and the same time in duplicate, so that it can be reported separately with the testimony that is filed in each case.

As to the motion for security for costs, it will be remembered that the petitioner as yet has had no opportunity to be heard on that question, and any order that we make should be conditional, so as to allow him an opportunity to be heard, and we have filed an order in that form.

And now, January 13, 1909, the exceptions to the petition of S. W. Fairall herein filed came on to be heard and were argued by counsel, whereupon, upon due consideration, the motion of the exceptant to expunge from the record paragraphs five, six and eleven of said petition, because impertinent and scandalous, is overruled and said exceptions dismissed at the cost of the exceptant.

*Errors assigned* among others were (1) in refusing to expunge paragraphs five, six and eleven of the petition for the appointment of an administrator pendente lite; (2) in ordering the supplementary petition for the removal of the executor filed as of record; (3) order of removal and direction to deliver up assets; (4) order fixing amount of security for appeal; (5) order directing delivery of assets under peril of an attachment.

*John C. Bane,* with him *Boyd Crumrine* and *F. S. Monnett,* for appellant.—There was no legal ground shown for the removal: Harberger's App., 98 Pa. 29; Gray's Est., 4 Kulp, 157; Parson's Est., 82 Pa. 465; Smith's Est., 14 Pa. C. C. Rep. 161; Young's Est., 4 Pa. Dist. Rep. 44; Lancaster's Est., 7 Del. Co. Rep. 584; Levan's Est., 1 Wood-

ward, 104; Morgan's Est., 20 Phila. 28; Wickersham's Est., 4 Legal Gazette, 331.

The bond required for a supersedeas was improper.

The order requiring delivery of the assets was improper.

*R. W. Knox*, with him *Martin J. Wade*, for appellees.— There was ample ground shown for the removal: Miller's Est., 174 Pa. 362; Deaven's Est., 32 Pa. Superior Ct. 205; Johnson's App., 114 Pa. 132; Lowry's App., 114 Pa. 219; Miskimins's App., 114 Pa. 530; Wall v. Royal Society of Good Fellows, 179 Pa. 355.

The removal of an executor without citation having been issued has been sustained: Van Dusen's App., 102 Pa. 224; Perrett's Est., 14 Pa. Superior Ct. 611.

The order to deliver assets was proper: Tome's App., 50 Pa. 285; Bradley's Est., 9 Phila. 327.

OPINION BY MR. JUSTICE ELKIN, March 20, 1911:

These two appeals have been argued and will be considered together. The first is from the decree removing appellant from his office as executor, and the second is from a later decree, which in order to avoid an attachment for contempt, required the removed executor to deliver and pay over to his successor, all of the unadministered assets, without first giving him an opportunity to file his account as executor and of having it audited in an orderly and proper manner. Both appeals grow out of the same proceeding and may very properly be considered together. As to the removal of appellant as executor it is earnestly contended that the proceedings were irregular and in violation of the statutes as well as of the rules of pleading and practice in such cases. The proceedings may be fairly criticised as being irregular, certainly out of the ordinary in dealing with such matters, but we cannot agree that they were in violation of any statute. The controversy is between those representing the next of kin of the testatrix and her executor who for many years had been her counsel and business adviser. An appeal from the pro-

bate of the will was pending when the petition which is the foundation of the present appeals was presented. After the appeal had been taken from the probate of the will, application was made for an issue devisavit vel non. While the appeal from the probate of the will and the application for an issue devisavit vel non were pending in the orphans' court, one of the contestants presented his petition asking for the appointment of an administrator pendente lite. The ground for asking such an appointment was that the executor, who was also a beneficiary under the will, would have an unfair advantage as the legal representative of the estate in a contest involving the validity of the will itself. It will thus be seen that there were pending in the court at this stage of the proceedings, an appeal from the probate of the will, an application for an issue devisavit vel non and a petition asking for the appointment of an administrator pendente lite. The court did not make any decree relating to the appointment of an administrator pendente lite, but ordered all matters relating to these issues to be heard together and required duplicate copies of the notes of testimony to be transcribed in order that a copy could be filed in each proceeding. This is one ground of complaint. Appellant contends that this confusion of issues made it difficult, if not impossible, to make his defense in a regular and orderly manner. If the facts warranted it, the appointment of an administrator pendente lite should have been made while the appeal from the probate was pending, and not after that issue had been determined in favor of the proponents of the will. The very purpose for asking that such an appointment be made is to have the estate protected by a disinterested person while the matters in dispute are in litigation. The validity of the will was attacked and this was the issue between the parties. The appointment of an administrator pendente lite was only incidental to the real question involved. As it turns out, after taking several hundred pages of testimony on all the issues thus blended, the court dismissed the appeal from the probate of the will, refused the appli-

cation for an issue devisavit vel non, thus sustaining the
will, the real question in controversy, and then peremp-
torily ordered the removal of the executor which had not
even been asked when the original petition was presented.
It is true that a few days before the decree removing the
executor was entered the court directed a motion in writing
which had been presented by counsel for the original peti-
tioner, asking for a peremptory order of removal, to be
filed as a supplemental petition, and made part of the
record in the case. This order was made after all the testi-
mony had been taken, the case closed, the arguments
made and the briefs submitted. One of the assignments
of error is based upon this order. Standing alone, we
would not consider this reversible error. Very great lati-
tude is given the courts in the matter of allowing amend-
ments, in order that the record may conform to the facts.
But in allowing such amendments, care should be exer-
cised not to prejudice the rights of the parties upon the
merits of the case as presented upon the issues raised by
the pleadings. In this connection complaint is made that
paragraphs five, six and eleven of the petition asking for
the appointment of an administrator pendente lite should
have been expunged from the record as being irrelevant,
impertinent and scandalous. It was argued in the court
below and is contended here that this was an attempt
upon the part of the petitioner to obtain in advance in-
formation to be used in support of the appeal then pend-
ing from the probate of the will. Most of the averments
of these paragraphs have no relevancy to questions relat-
ing to the duties of appellant as executor, and even if true,
did not furnish legal grounds for his removal under the
Acts of March 29, 1832, P. L. 190, and May 1, 1861, P. L.
680. If relevant at all, the facts averred in these para-
graphs could only be considered as relating to and bearing
upon the making and validity of the will, and had nothing
to do with the discharge of the duties of the executor under
the will. Whether the court attached any importance to
these averments in arriving at the conclusion that the ex-

ecutor should be removed because of failure to properly manage the estate, we do not know, nor does the record inform us. Evidently these paragraphs, and such proofs as may have been offered to sustain them, were by the court deemed insufficient to affect the will, which was sustained. It would seem to necessarily follow that if the proofs of these averments were insufficient to affect the validity of the will, the only purpose for which they were relevant, they should not have been received and considered in connection with a separate and distinct issue to which they had no relevancy. Appellant clearly acted within his legal rights in asking these paragraphs to be expunged from the record, and we think it was error to refuse this request. As we view the record on this branch of the case appellant was not given an opportunity during the whole course of the hearing to fairly meet and answer any direct issue involving his peremptory removal as executor. When the appeal from the probate of the will was dismissed and the application for an issue devisavit vel non was refused, the record showed a valid will, duly probated, which controlled the distribution of the estate. By the terms of that will appellant was appointed executor, so that when the attack upon its validity had failed, he stood upon the record as the proper and legal representative of the estate. If the executor appointed by the testatrix to administer her estate according to the provisions of her will is to be removed, and a stranger not of her selection appointed, it should be done in strict compliance with the law. Certainly under such circumstances the petition asking for the removal should set forth such jurisdictional facts as are required by the acts of 1832 and 1861 to clothe the court with the power to remove an executor. Appellant had the right to know that the attempt was being made to remove him in order that he could squarely meet that issue. As we view the record and the pleadings in this case this issue was not squarely raised and appellant did not have the opportunity of directly meeting it. In this there was error.

A different question is raised by the second appeal. The original decree removing the executor required him to deliver and pay over to the administrator c. t. a. d. b. n. when appointed and qualified, all goods, chattels and property, money, estate or effects, in his hands as executor of the last will and testament of the testatrix. At the time this decree was entered the administrator had not been appointed and no time was definitely fixed to deliver and pay over as required by this order. The securities, papers and other evidences of indebtedness were impounded by order of the court. An appeal was taken from the order of removal and was pending when the attachment proceeding was instituted. In this situation appellant in order to avoid an attachment for contempt was compelled to deliver and pay over to the administrator, who in the meantime had been appointed, all the goods, property, securities and moneys belonging to the estate. From the decree requiring him so to do the second appeal was taken. Appellant contends that the facts of the case did not warrant the exercise of such drastic power and that an injustice was done him in taking out of his hands the entire assets of the estate before he had time to file an account and while his appeal from the order of removal was still pending in the appellate court. In justification of this order appellee points to that portion of the first section of the Act of May 1, 1861, P. L. 680, which gives the court the power to "order and compel such executor, administrator, guardian, committee or trustee to deliver over and pay to his successor, all and every the goods, chattels, and property, money, trust or effects, in his hands as aforesaid." It is argued that the power given by the statute is comprehensive enough to warrant an order to deliver and pay over before there has been an accounting. As a general proposition this view of the powers conferred by the statute may be conceded, but to justify its exercise there must be some impelling necessity. While the statute does confer the power, it is silent as to the time and manner of its exercise. Ordinarily, it is the common and proper prac-

tice to first require the filing of an account in order to definitely ascertain the kind, character and amount of the assets, less such proper credits as the accountant should be allowed in connection with his administration of the estate before compelling him to deliver and pay over the unadministered assets to his successor. This doctrine as applied to administrators de bonis non generally is recognized in Bowman's App., 62 Pa. 166; Sibbs v. Saving Fund Society, 153 Pa. 345, and Wagner's Est., 227 Pa. 460. This is the orderly and legal method of definitely determining the liability of a deceased executor, or of a removed executor, and of ascertaining what assets have been administered and what remain unadministered. This course should always be followed unless the exigencies of the case demand an immediate delivery of the assets so that the estate may not be jeopardized. Tome's App., 50 Pa. 285, is an exception to the general rule. Tome was indicted and convicted for embezzling the funds of the estate, and before his removal as executor the court ordered that he give proper security, which he failed to do. This left the estate in jeopardy, and the court very properly ordered him to deliver and pay over all of the assets to his successor. Nothing of this kind appears in the present case. Appellant was not asked to give security which no doubt he could and would have done. He was not charged with embezzlement and the evidence shows that he was ready to render an account of his administration of the estate. Under these circumstances we see no reason why there should be a departure from the recognized practice in such cases. If for any reason the estate was thought to be in jeopardy, or if it were deemed wise to require security as a protection to those interested, this end could have been more easily reached by requiring the executor to give a bond with sufficient sureties conditioned for the faithful discharge of his duties. This was not done and no reason is suggested why this important step was not taken. We, therefore, hold, under the facts of this case, that the order upon the appellant to deliver and pay over

all of the assets to his successor before giving him an opportunity to file his account was prematurely made.

The fourth assignment of error relates to the order of the learned court below fixing the amount of the bond in order to make the appeal a supersedeas. The amount of the bond required was $114,000, which under the circumstances appellant contends was unreasonable and excessive. The Act of May 19, 1897, P. L. 67, provides how the appeal from a decree removing a person acting in a fiduciary capacity shall be made a supersedeas. This act provides that if the appellant in such a case deposits in the court below all the assets of the estate which are or should be in his hands and gives bond with sufficient sureties in double the amount of the costs accrued, or likely to accrue, the appeal shall act as a supersedeas. Or, in the event that all of the assets are not deposited, a bond in double the amount of the undeposited assets, shall have the same effect. At the time the amount of the bond was fixed all of the personal assets, except the household goods and wearing apparel of the testatrix, were deposited in or impounded by the court. As to the personal property, except the household goods, this fully met the requirements of the act of 1897. The court, however, included among the assets not deposited the real estate of the testatrix which must have been valued at more than $50,000. The appraised value of the household furniture was $2,973.60. The costs accrued and likely to accrue were fixed at $1,000. The whole amount of undeposited assets, including the real estate, was estimated at $57,000 and the bond was fixed in double that amount. Such an interpretation of the act of 1897 is not warranted by its language. The act was intended to reduce the amount of a bond required to be given under such circumstances, and not to increase the burden of one desiring to make his appeal a supersedeas. To include the value of the real estate in fixing the amount of the undeposited assets does violence to the spirit and purpose of the statute. The income from the real estate might very properly be included,

but not the corpus. A bond in the sum of $10,000 would have been ample to secure the undeposited assets, the income from the real estate and the probable costs. We think the amount of the bond was excessive and not warranted under the act of 1897.

The settlement of this estate has been delayed for several years by reason of this litigation. It should now be settled and distributed as expeditiously as possible so that those entitled to participate in the distribution may receive what was given them under the will. It should be borne in mind that the estate of the testatrix is what we are dealing with. It was hers to do with as she pleased and to dispose of as she wished in any manner not unlawful. She had the legal right to select the objects of her bounty and to give them much or little as she chose. The law is not concerned about what distribution she made of her estate so long as her benefactions are confined to legal channels. The questions of mental capacity and undue influence having been determined in favor of the proponents of the will its validity was established and certainly all parties are interested in an early accounting.

Both decrees reversed, and the administrator cum testamento annexo de bonis non is ordered and directed to deliver and pay over to appellant as executor all goods, chattels and property, moneys, estate or effects, in its hands belonging to the estate of Nancy W. Kuntz, deceased, upon said executor filing a bond, with sufficient surety or sureties, in an amount adequate to cover the value of the moneys, securities, personal property and income from real estate, that is or may come into his hands as executor of the last will and testament of said testatrix, which bond is to be approved by the orphans' court and be conditioned for the faithful discharge of his duties as executor and properly accounting for all the property and assets of the estate. Costs to be paid out of the estate.