## Wittmer's Estate.

*Executors and administrators—Removal of executors—Practice, O. C.*
The mere fact that an executor had in ignorance of the law deposited the funds of the estate in his own bank account is no ground for his removal, where it appears that the executor had in all other respects acted properly in the conduct of the estate, was ready and willing to account, was financially responsible, and that no proceedings had been instituted for his removal as provided by the Acts of March 29, 1832, P. L. 190, and May 1, 1861, P. L. 680.

Argued Oct. 16, 1911. Appeal, No. 4, Oct. T., 1911, by Albert Wittmer, executor, from decree of O. C. Allegheny Co., March T., 1910, No. 193, removing an executor in Estate of George Wittmer, Sr., deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Petitions for an accounting and for the appointment of an administrator pendente lite. Before OVER, J.
The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court removing the executor.

*Robert Woods Sutton*, with him *Watson & Freeman*, for appellant, cited: Parsons' Est., 82 Pa. 465; Mulley's Est., 17 York Leg. Rec. 102; Kuntz's Est., 230 Pa. 557.

*Oliver K. Eaton,* with him *Rody P. Marshall,* for appellee, cited: Deaven's Est., 32 Pa. Superior Ct. 205.

OPINION BY MR. JUSTICE ELKIN, January 2, 1912:

In all essential particulars the case at bar is ruled by Kuntz's Est., 230 Pa. 557. The decree in the present case was entered several months before the opinion in the case cited was handed down. This no doubt accounts for what was done in the present case by the learned court below. Appellant was removed as executor although neither in the original nor in the supplemental petition was there any request for his removal. The original petition asked for an accounting while the supplemental petition prayed for the appointment of an administrator pendente lite. There was then pending an appeal from the probate of the will and the averment was, that the best interests of the estate would be conserved by the appointment of a disinterested person as administrator or trustee until the questions raised by that appeal were adjudicated. At no time was the removal of the executor asked so far as is disclosed by the pleadings. As shown by the will and codicils the testator reposed great confidence in his son Albert who is the appellant in the present case. After nominating him as his sole executor and conferring upon him very full and comprehensive powers, he gave as his reason for so doing, "I place unlimited confidence in his honesty and ability to administer my estate as herein provided." We have examined the record with care to ascertain whether the confidence reposed by the father in the son had been abused, but have failed to find any facts to warrant such a conclusion. Certainly the facts are not sufficient to show that the estate was in jeopardy, or that it had been mismanaged within any reasonable meaning of the term. The only evidence of mismanagement was that he had mingled the funds of the estate with his own by depositing them in his individual bank account. He explained that he was not aware that it was necessary to keep two bank accounts, one for himself and one for the estate.

In this he was mistaken, but the evidence shows that it was an honest mistake and not intended to work harm to the estate. He kept an accurate account of all moneys received and disbursed by him as executor and was ready to make a full and complete account of the same. He held himself bound to account for all moneys that came into his hands and was ready to do so. The evidence shows that he was financially responsible and able to meet his obligations. In the management of the property of which the. testator died seized, in the collection of rents, in the care of the houses and in all matters relating to the business management of the estate, he acted with prudence, wisdom and care. Under these circumstances it would be a harsh rule that would remove him from the relation of trust reposed in him by his father because he had made the one mistake of depositing the funds of the estate in his own bank account. This must not be taken as an indication that trustees are at liberty to mingle trust funds with individual accounts. Any trustee who does so takes the risk of being called to account in a proceeding before the courts, and in a proper case to suffer the consequences. In the present case, however, taking into consideration all the facts, the evidence is not sufficient to warrant the removal of the executor and name in his stead a person not of the selection of the father whose estate is in course of administration. This is especially true because the requirements of the acts of 1832 and 1861 were not complied with and no petition was ever presented asking for the removal of the executor. It was not shown that the estate was in jeopardy, or that the executor was financially irresponsible, or that it was a case requiring security. The court has ample power to protect the estate and to require a prompt accounting. Under all the circumstances we think the order of removal was improvidently made.

Decree reversed and appellant reinstated as executor under his letters testamentary. Costs to be paid out of the estate.