In the Matter of the Probate of the Last Will and Testament of GEORGE E. NEIL, Deceased.

MYRA J. NEIL and CHARLES F. NEIL, Appellants; HARRY N. STEINFELD and GUSTAVE A. NELSON, as Executors, etc., of GEORGE E. NEIL, Deceased, Respondents.

Second Department, October 4, 1918.

Wills — probate — allowance for legal expenses in sustaining will reduced — payment of allowance to executors — payment of costs and disbursements to parties — executors and administrators — formal revocation of temporary letters not necessary when permanent letters issued.

Allowance for legal expenses in sustaining a will reduced and the decree modified so as to provide for the payment of said allowance to the executors and for payment of the costs and disbursements to the parties and not to their attorneys.

When permanent letters are issued, formal revocation of the temporary letters is not necessary, inasmuch as the issue of permanent letters in itself effects the retirement of the temporary administrator and discontinuance of his administration.

APPEAL by Myra J. Neil and another, legatees, from part of a decree of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the

4th day of February, 1918, admitting to probate the last will and testament of George E. Neil, deceased.

*Daniel S. Remsen*, for the appellants.

*William J. Fallon* [*Joseph Melcer* with him on the brief], for the respondents.

PER CURIAM:

We think that the allowance for legal expenses in sustaining the will should be reduced from $5,000 to $2,000. The decree should provide that the allowance be paid to the executors, and that the award of costs and disbursements should be paid to the parties, not to their attorneys. But doubtless the executors and the parties will forthwith recognize the respective claims of their attorneys. There is no merit in the appeal of certain legatees from that part of the decree that directs the temporary administrator to hand over his charge to the executors. When permanent letters are issued, formal revocation of the temporary letters is not necessary, inasmuch as the issue of permanent letters in itself effects the retirement of the temporary administrator and discontinuance of his administration. (Redf. Surr. [7th ed.] 371.)

The decree of the Surrogate's Court of Westchester county is modified in accord with this opinion, and as so modified is affirmed, without costs.

JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Decree of the Surrogate's Court of Westchester county modified in accord with opinion, and as so modified affirmed, without costs. Order to be settled before the Presiding Justice.