## Gorsuch Estate (No. 1)

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*George F. Shinehouse, Jr.,* for exceptants.
*James F. Masterson,* contra.

LEFEVER, J., December 7, 1956.—The novel question before us is whether administrators pendente lite, appointed by the register of wills during a will contest before him, shall continue to hold and administer decedent's estate until final disposition of the ap-

peal from the register's decision sustaining the will, despite the fact that the register at the same time granted letters testamentary to the executors named in the will.

Decedent died on April 21, 1954, leaving an alleged will, dated December 28, 1953, and codicil, dated January 4, 1954, wherein she appointed Albert Barnes Zink, Howard J. Lynch and the Fidelity-Philadelphia Trust Company as executors. Shortly after decedent's death, her next of kin initiated proceedings before the register of wills to contest the validity of her will. On July 19, 1954, the register appointed Charles W. Sweeney and Fidelity-Philadelphia Trust Company as administrators pendente lite. On October 5, 1955, the register entered a decree upholding the will and granted letters testamentary to the above named executors. Contestants appealed to this court from the register's action in sustaining the will.

The administrators pendente lite have collected all of decedent's assets, sold some, converted others, and received income from both her real and personal property. On January 23, 1956, the administrators pendente lite filed their first account. At the audit, the corporate administrator pendente lite and the executors requested that the entire balance of the estate be awarded to the executors for further administration. Contestants and the individual administrator pendente lite requested that the assets be awarded back to the administrators pendente lite, pending decision upon the appeal from the register. On September 26, 1956, the auditing judge filed an adjudication wherein he awarded "the balance then remaining to Fidelity-Philadelphia Trust Company and Charles W. Sweeney, administrators pendente lite", and directed the administrators pendente lite to continue to administer the unliquidated real estate. The executors filed exceptions to this award.

This is a case of first instance in Pennsylvania. Counsel have not cited, and independent research has failed to disclose, a case precisely on point.

There is little statutory and case law in Pennsylvania with regard to administrators pendente lite. Basically, as the term generically implies, such administrators are appointed by the register to receive and conserve the assets of a decedent's estate during litigation involving the validity of her will. In the absence of appointment of such temporary administrators, the assets of decedent's estate might be wasted, valuable rights lost, and other damage done to the estate during the pendency of such litigation. However, it is fundamental that unless there are compelling reasons to the contrary, the executors (decedent's chosen designees), if, as and when they are appointed, are entitled to receive and administer the assets of decedent's estate.

In Commonwealth v. Mateer, 16 S. & R. 416, 419, the court stated:

". . . What is the nature of the property in the hands of the administrator *pendente lite?* and what are the duties and powers of an administrator *pendente lite?* . . . An administration *pendente lite* is a limited trust, and expires *eo instanti* the will is established; the very name implies that it cannot exist longer than the pendency of the suit. Upon the establishment of the will, the executor may immediately act, even before probate. There is no necessity for a citation to revoke the letters *pendente lite,* but the register may proceed to grant letters to the executors, . . . and this was the course here pursued. The power and duty of an administrator *pendente lite* is to pay and collect debts, file an inventory, but do not extend to a distribution of the estate. . . . If, then, the fund be personal, and the administrator *pendente lite* can-

not distribute the estate, to whom should the fund be committed but to the executors . . .?"

The following appears in 34 C. J. S. 1307, §1039:

"On the termination of the litigation, there is no further need of the services of an administrator *pendente lite* and his authority ceases. However, when an appeal is taken after judgment entered, the administration *pendente lite* continues or revives, and where the appeal relates to the validity of an alleged will the authority of the administrator continues until the result is finally determined. *However, where letters testamentary were issued before the appeal was taken, the temporary administrator no longer retains his authority, except to account and pay over and deliver property in his hands.*" (Italics supplied.)

Judge Hunter, in "Pennsylvania Orphans' Court Commonplace Book", volume 1, page 471, 7 (*c*) states:

"Administration pendente lite expires eo instanti the will is established; there is no necessity for revocation of the letters, but the Register may proceed to grant letters testamentary: *Commonwealth v. Mateer*, 16 S. & R. 416. See *Patton's Ap.*, 31 Pa. 465.

"Administration pendente lite continues during the litigation, and letters will not be revoked pending appeal from decree directing probate: *Robinson's Est.*, 4 W. N. C. 75; *Fow's Est.*, 28 W. N. C. 134; *Maguire's Est.*, 24 Dist. 47."

In 2 Words and Phrases (permanent edition), page 709, it is stated:

"An administrator pendente lite is an administrator whose powers are terminated by the termination of the suit for the purposes of which he is appointed. Cole v. Wooden, 18 N. J. L. (2 Har.) 15, 20."

To the same effect are 1 Remick, Orphans' Court Practice, section 39; 8 A. L. R. 180; 104 Law Journal Newspaper, 148, 149.

It would appear from the foregoing authorities that the administrators pendente lite continue in office until termination of the litigation. This poses the problem: "When does the litigation terminate?" It is urged by the contestants that the litigation does not terminate until the court of last resort has finally spoken, and the administrators pendente lite are entitled to continue in office until that time. There is language in the above cited authorities which superficially supports this position. However, in the cited cases the appeals were filed while the administrators pendente lite were still in office, and *prior to the granting of letters testamentary to the executors:* Fow's Estate, 28 W. N. C. 134; Robinson's Estate, 4 W. N. C. 75.[1] Therefore, the sole question before the court in those cases was whether the administrators pendente lite should continue in office, rather than grant letters testamentary to the executors, pending final decision of the will contest in the orphans' court or the Supreme Court, and the courts decided to continue the administrators pendente lite.

---

[1] In Robinson's Estate, supra, the will was offered for probate. The reporter states that the letters testamentary were granted. However, the reporter would seem to have been in error because (1) he states further: "The petition prayed for a citation to issue to the register of wills, commanding him to show cause why the letters of administration *pendente lite* should not be revoked and the will of James Robinson admitted to probate"; (2) Judge Hanna in his opinion stated: "An order to the register to vacate the letters of administration *pendente lite,* before the termination of the litigation, and issue letters testamentary . . . would be in effect to decide the controversy between the parties in advance of a hearing by the Supreme Court. The order prayed for is therefore refused"; and (3) in the earlier report of Robinson's Estate, 3 W. N. C. 28, there is reference only to the granting of letters of administration pendente lite and no indication that letters testamentary were granted.

And Maguire's Estate, 24 Dist. R. 47, was decided upon New Jersey law, which differs from Pennsylvania law.

These are not the facts in the instant case. In this case the register dismissed the caveat, sustained the validity of the will and forthwith *issued letters testamentary to the executors designated in the will.* No formal action was taken with regard to the administrators pendente lite. However, no such formal action by the register was necessary because his official act in granting letters testamentary to the executors automatically revoked the letters of administration pendente lite, which he himself had issued.[2] The only power and duty remaining to the administrators pendente lite was to file an account and distribute the assets as directed by the auditing judge.

It is axiomatic that the administrators pendente lite cannot continue to administer the estate *after* letters testamentary have been granted to the executors. To permit this would produce chaos. Visualize separate and contesting parties, the executors and the administrators pendente lite, both qualified to administer the estate. One purports to compromise a claim of, or against, the estate. The other refuses to compromise. Problems of collection of assets, payment of debts, taking action to toll the statute of limitations, liquidation of assets, and other difficult questions require decision and action. Patently, only one set of personal representatives can function effectively, at a given time.

Contestants argue, however, that by some strange alchemy, when the contestants filed their appeal, life was breathed into the administrators pendente lite and they were reappointed or revived. If this be so, it inexorably follows that the letters testamentary were revoked, for, as demonstrated above, both administra-

---

[2] It is to be noted, however, that it would have been preferable practice for the register formally to revoke the letters of administration pendente lite, contemporaneous with his grant of letters testamentary.

tors pendente lite and executors cannot function simultaneously. But granting letters of administration pendente lite is a judicial or at least a quasi-judicial act. This is the function of the register, the duly elected official for that purpose. Revocation of letters testamentary is likewise a judicial act. This is the function of the orphans' court. How can private individuals, not invested with judicial authority, perform such judicial acts by the ministerial procedure of filing an appeal? And who was charged with the administration of the estate in the interim between the filing of the register's decision on October 5, 1955, and the filing of the appeal on October 18, 1955? Moreover, if the appeal be dismissed by the hearing judge, who is the personal representative entitled to administer the estate in the interim between the filing of the hearing judge's opinion and the filing of exceptions thereto, or between the decision of this court on the exceptions and the filing of an appeal to the Supreme Court, and possible motions for reargument thereafter? Do the executors and administrators pendente lite alternate in office as the will contest wends its way to final decision by the court of last resort? The answer to these questions is apparent. The executors remain in office until and unless their letters are *formally revoked* by a proper judicial act. A fortiori, the letters of administration pendente lite remain revoked, until and unless revived by proper judicial act.

If there be any doubt as to which of the two candidates for office should prevail, viz., the executors or the administrators pendente lite, it is in order to consider their respective functions and stature. It is well settled that administrators pendente lite are officers of the court, whose duty is limited to filing an inventory, taking care of the assets and collecting and paying debts; their authority does not extend to the payment of legacies or making distribution of the estate: Katz'

Estate, 49 D. & C. 215; Clemens' Estate, 21 Dist. R. 175; and Loughran's Estate, 257 Pa. 534. See Noble Estate, 71 D. & C. 183, 189.

In contrast, executors are endowed with full authority, not only to collect assets, to pay creditors, but to make distribution. ". . . an executor is not an officer of the law, nor in any sense the agent of the creditor. He is appointed by the testator, and derives his authority to act from the will": Pomeroy's Appeal, 24 W. N. C. 296, 297.

"If the executor appointed by the testatrix to administer her estate according to the provisions of her will is to be removed, and a stranger not of her selection appointed, it should be done in strict compliance with the law . . .": Kuntz's Estate, 230 Pa. 557, 566.

There is no doubt that the orphans' court, for cause, may revoke letters testamentary, or remove an executor from office. Likewise, this court has the power to appoint administrators pendente lite. However, the proceeding presently pending before this court is not the proper one wherein this court will exercise this power. The proper procedure is by petition and answer: Perrett's Estate, 14 Pa. Superior Ct. 611. Moreover, no cause has been here shown to warrant this court in exercising such power.

Section 208(c) of the Register of Wills Act of June 28, 1951, P. L. 638, provides: "No appeal from a decree of the register shall suspend the powers or prejudice the acts of a personal representative to whom letters have been granted." It is urged that the term "personal representative" here used refers to the administrators pendente lite because of the definition of "personal representative" in section 102(4) of the Register of Wills Act of 1951 and section 102(4) of the Fiduciaries' Act of April 18, 1949, P. L. 512, viz.: " 'Personal representative' means an executor or administrator of any description." Although the term

"personal representative" in the statutes is broad enough to include administrators pendente lite in certain circumstances, it does not do so here. The term "personal representative" in the above quoted section 208 (c) of the Register of Wills Act of 1951 obviously refers to the executors in the instant case, for the executors had been appointed prior to, and were actually in office as the personal representatives at the time of the appeal; moreover, the letters of administration pendente lite had thereby been impliedly revoked as hereinabove stated. It follows that, pursuant to the mandate of the cited statute, the executors' powers shall not now be prejudiced or suspended.

It has also been urged by the administrators pendente lite that the fact that the Fidelity-Philadelphia Trust Company, one of the designated executors, is also one of the appointed administrators pendente lite is ground for continuing the administrators pendente lite in office. However, this argument cuts two ways. It is a more compelling reason why the executors should serve and the administrators pendente lite should cease their administration. It appears that the assets of the estate are safe, viz., in the custody of the corporate fiduciary. Were this not so, and were the assets in jeopardy, this court has the power to require the executors to enter bond to protect all parties interested in the estate.

Little practical difference will result from the decision in this case, since the same corporate fiduciary will have the custody of the assets in either instance. And ". . . it may seem to be a useless thing to change the course of administration. But nothing is useless that preserves orderly, legal procedure or secures a right, however small": Waltz's Appeal, 242 Pa. 167, 170. Moreover, we are mindful of the importance of the principle here involved. In the future a contest may arise between the trusted confidante of the testa-

tor, a private individual whom he names executor, and persons appointed administrators pendente lite by the register. In such instance, the wishes of the testator are to be given primary weight, if it is possible to do so. Any other conclusion would encourage capricious will contests.

It is noteworthy that the courts of New York have reached the same conclusion as we do: Matter of Dayton, 100 Misc. (N. Y.) 632; Hasting's v. Tousey, 108 N. Y. Supp. 526; Matter of Neil, 184 App. Div. 507.[3]

For the foregoing reasons, with the express approval of the auditing judge, the exceptions to the adjudication are sustained; the adjudication is amended to direct the administrators pendente lite to distribute the balance of principal of personalty remaining to the executors so that they may administer decedent's personal and real property according to law, and as so modified the adjudication is confirmed absolutely.

---

[3] It is to be noted that Judge Saylor, who was assigned to hear the appeal from the register, has, since the argument of this case before the court en banc, filed an extensive and exhaustive opinion wherein, after meticulously analyzing the evidence, he has sustained the validity of the will and has dismissed the appeal. However, this is in nowise determinative of the present issue.