| 132 | 33 |
|---|---|
| f 23 SC | 531 |
| 132 | 33 |
| 31 SC | 106 |

</div>

## B. F. TELLER, EXR., v. J. H. SOMMER.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued January 8, 1890—Decided January 20, 1890.

An affidavit of defence, averring that an account sued upon as an account
stated was signed by the defendant, but that it was incorrect; that a
full and proper investigation showed an indebtedness to the defendant;
that the error in the account arose from a charge of "$4,106.03, which
should have been $2,008.01, from an erroneous credit of $193.13," and
from an incorrect calculation of interest, is sufficient to prevent sum-
mary judgment.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 290 January Term 1889, Sup. Ct.; court below, No. 194
December Term 1888, C. P. No. 3.

Statement of Facts.

On November 21, 1888, Benj. F. Teller, executor of the will of Andrew Sommer, deceased, brought assumpsit against Jacob H. Sommer, to recover a balance shown to be due the estate of the decedent upon an account stated between the defendant and the decedent in the lifetime of the latter. The account, which was signed by the defendant, and was sued upon subject to a credit of $2,190.97, to which the defendant would have been entitled as a distributee under the will of the decedent, had he paid the amount claimed, was as follows:

Jacob H. Sommer in account with Mr. A. Sommer.

| 1885. | | | 1885. | | |
|---|---|---|---|---|---|
| Dec. 31. To cash | . . . . | $50 00 | July 1. By balance | . . | $7,022 16 |
| " 31. " balance | . . . | 7,182 82 | Dec. 31. " interest | . . | 210 66 |
| | | $7,232 82 | | | $7,232 82 |
| | | | 1886. | | |
| | | | Jan. 1. By balance | . . . | $7,182 82 |
| [Signed] | | | JACOB H. SOMMER. | | |

The defendant filed an affidavit of defence which averred: .

" The plaintiff has filed the copy of an account purporting to be signed by the said defendant, showing an indebtedness to the plaintiff's testator of the sum of $7,182.82, as of the first day of January, 1886. While it is true that such an account was signed and was given Andrew Sommer, yet it incorrectly states the condition of the accounts between me and him, a full investigation of books and papers showing that so far from my being indebted at that time to him in the sum of the said statement, he was indebted to me over and above all possible charges, in the sum of $1,245.81. In addition to this, he owes me $259.65, cash dividends received by him on collateral policies of insurance which he holds, for which dividends he has not given me any credit. His estate is also indebted to me, as is admitted by the plaintiff in his statement, in the sum of $2,190.97, and I shall ask on the trial of the cause for a certificate in my favor for these three amounts, or in the aggregate $3,696.38 with interest. The error in making up the account arose from a charge to me of $4,106.03, amount of loss in a certain business, which should have been $2,008.01; from an erroneous credit of $193.13 to Andrew Sommer; and from a calculation of interest which was incorrect, and which helped to make a balance which subsequent investigation proved to be entirely incorrect. The plaintiff also holds paid-up policies

Opinion of the Court.

of insurance on my life, amounting to $6,610, which should be delivered to me, but which he claims to hold as collateral for the pretended debt, although admitting that I paid the premiums on these policies until they became paid up by their terms."

A rule for judgment for want of a sufficient affidavit of defence having been taken, the rule was discharged on January 12, 1889, when the plaintiff took this appeal assigning the discharge of said rule for error.

*Mr. George P. Rich* (with him *Mr. J. P. Klinges* and *Mr. Mayer Sultzberger*), for the appellant.

Counsel cited: Lockwood v. Thorne, 18 N. Y. 285; Champion v. Joslyn, 44 N. Y. 653; Vantries v. Richey, 8 W. & S. 87; Story's Eq. J., § 527; Stearns v. Page, 7 How. 819; Johnson v. Curtis, 3 Bro. C. C. 266; Taylor v. Hagling, 1 Cox 435; Drew v. Power, 1 Sch. & Lef. 182; Newell v. Richardson, 19 W. N. 174; Griel v. Buckius, 114 Pa. 187; Allegheny S. Bank v. Meyer, 59 Pa. 361; Lord v. Ocean Bank, 20 Pa. 384; McCracken v. Congregation, 111 Pa. 106; Erie City v. Butler, 120 Pa. 374; Kaufman v. Iron M. Co., 105 Pa. 537.

*Mr. Josiah R. Adams* and *Mr. Samuel B. Huey*, for the appellee.

PER CURIAM:

There was no error in refusing to enter judgment against defendant for want of a sufficient affidavit of defence. Assuming, as we must, for the present that the facts averred in the affidavit of defence are true, they are sufficient to entitle the defendant to a jury trial.

> Appeal dismissed at the costs of the plaintiff, but without prejudice to his right to trial by jury, etc.