# Allegheny County Light Company *v.* Thoma, Appellant.

*Account render—Evidence—Mistake—Electric light company.*

Where a customer of an electric light company has received monthly bills, which, through the gross mistake of a clerk, were much less in amount than the contract called for, and has paid such bills, he cannot set up such bills as an account stated in an action against him to recover the difference between the amount of the bills and the amount due under the contract.

An account stated may be opened or falsified on proof of mistake. Such an account is only prima facie evidence of its correctness and may be impeached by clear, precise and satisfactory evidence either of unfairness or mistake.

Argued April 9, 1906. Appeal, No. 6, April. T., 1906, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1903, No. 369, on verdict for plaintiff in case of Allegheny County Light Company v. Henry J. Thomas. Before RICE, P. J., PORTER, HENDERSON, MORRISON and HEAD, JJ. Affirmed.

Assumpsit for electric light. Before EVANS, J.

The court charged as follows: '

The plaintiff brings this action to recover a balance, which, it alleges, is due for electric light furnished by it to the defendant. The circumstances, as alleged by the plaintiff, of the contraction and nonpayment of this bill arose through a mistake on the part of the bookkeeper of the plaintiff company in failing to designate the meter which registered the amount of electricity furnished to the defendant, as what is known by them as a constant three meter; that is, a meter which registered just one-third of the amount of electricity consumed; and for several months, it is claimed by the plaintiff, this mistake resulted in sending to the defendant a bill for just one-third of the electricity which he used; and it is to recover for the other two-thirds that this suit is brought.

[If that be the fact, if through a mistake of the plaintiff, or one of its employees, an honest mistake, or careless mistake, (all mistakes are careless upon the part of someone) this meter was not read properly, and proper bills were not sent to the defendant, then the defendant is liable to pay for the electricity that he got. There is no difference between this case and the case of a man who has given three watches and by mistake only charges for one, so far as the legal effect of it is concerned; he is liable for the other two watches if he keeps them and uses them. So in this case—if the defendant got three times as much electricity as be paid for, he is liable for the balance, and your verdict ought to be for the plaintiff for the full amount of its claim.

That is the only question of fact involved in this case. So far as the questions of law are concerned, the court assumes all responsibility for them, and if we have made a mistake we will correct it. The only thing for you to do is to determine the question whether this electricity was furnished. The evidence is undisputed. The defendant has offered no testimony upon that subject at all; and I want to call your attention to the fact that he is not quite so helpless in this case as has been suggested. True, he cannot read this meter, he cannot tell whether it is a constant three meter or what kind of a meter it is. Probably I could not. I am certain I could not; and possibly none of the jury could; but there are experts in the city whom he could have employed to read this meter, to ex-

amine this meter and say whether it was such as the plaintiff alleges it is ; and he was not so helpless as not to be able to give us the facts in the case as to what kind of a meter this was, and whether it registered one-third of the amount of electricity that passed through it or not. I simply suggest that to you in connection with the remarks to the effect that the defendant was helpless and could not furnish any testimony.

The question then, let me suggest again, is simply one of fact, and that fact, so far as the evidence is concerned, is undisputed, as to whether this plaintiff furnished the electricity which it claimed it did. If it did, then it is entitled to be paid for it. If it did not, then it is not entitled to be paid.]

Verdict and judgment for plaintiff for $618.66. Defendant appealed.

*Error assigned* was portion of charge as above, quoting it.

*Thomas M. Brown*, for appellant.—The general rule is, that a mistake will not be relieved against if it is the result of the party's own negligence : Electric Light Co. v. Butler County Poor Dist., 21 Pa. Superior Ct. 95 ; Pottsville Lumber Co. v. Wells, 157 Pa. 5 ; Breisch v. Coxe, 81 Pa. 336.

In St. John Gas Light Co. v. Clerke, 17 N. Bruns. (1 Pugsley & Burbridge), 307, it was held that the indication or reading of a gas meter tested and read as required by an act of the legislature is conclusive upon the parties.

*David A. Reed*, with him *Reed, Smith, Shaw & Beal*, for appellee.—It is settled law in Pennsylvania that an account stated may always be opened or falsified on proof of fraud, Shillingford v. Good, 95 Pa. 25; or of mistake, Teller v. Sommer, 132 Pa. 33 ; Rehill v. McTague, 114 Pa. 82 ; Shillingford v. Good, 95 Pa. 25 ; Standard Oil Co. v. Van Etten, 107 U. S. 325 (1 Sup. Ct. Repr. 178) ; Perkins v. Hart, 24 U. S. 237 ; Conville v. Shook, 144 N. Y. 686 (39 N. E. Repr. 405) ; Lockwood v. Thorne, 18 N. Y. 285 ; Eddie v. Eddie, 61 Ill. 134.

But it is unnecessary that a mistake should be mutual to justify the falsification or surcharging of an account stated :

Lockwood v. Thorne, 18 N. Y. 285; Conville v. Shook, 144 N. Y. 686 (39 N. E. Repr. 405); Sedgwick v. Macy, 49 N. Y. Supp. 154; Girard Trust Co. v. Harrington, 23 Pa. Superior Ct. 615.

OPINION BY HENDERSON J., May 14, 1906:

By an agreement in writing the plaintiff undertook to furnish electricity to the defendant and the latter to pay therefor the price fixed in the contract. For the purpose of determining the amount of electricity used it was agreed that a Watt-meter should be installed and that all bills should be calculated upon the reading of the meter, such reading to be final and conclusive. It is not alleged by the defendant that the quantity of electricity charged for was not consumed by him. His defense is that monthly statements were made to him, from time to time, according to which he made payment; that such settlements constituted accounts stated and that they are conclusive between the parties. This defense raises the only question presented on the appeal. The plaintiff claimed that, while it was true a settlement was made from time to time, a mistake occurred in each of the settlements because of an error of an accountant of the plaintiff in entering the proper charge against the defendant. It appeared from the evidence that the meter used on the premises of the defendant was what is known as a constant 3 and that this style of meter registered only one-third of the amount of electricity passing through it, the practice being, for technical reasons not important for the purposes of this opinion, to measure the electric current where a large amount of electricity is consumed, by an apparatus indicating a determinate fraction of the whole amount. The plaintiff's accountant overlooked the fact that the meter was a constant 3 and made out the defendant's bills for one-third only of the amount which should have been charged against him. The plaintiff, while conceding that the transactions from month to month between it and the defendant amounted to an account stated, contends that the settlements made are not conclusive upon it, but that a mistake may be shown. It is well settled in this state, both at law and in equity, that a stated account may be opened or falsified on proof of mistake. Such an account is only prima facie evidence of its correctness and may

be impeached by clear, precise and satisfactory evidence either of unfairness or mistake. Relief will be granted both at law and in equity as the circumstances may require by setting aside the settlement or permitting the party to surcharge or falsify : 2 Pomeroy's Equity, sec. 871 ; Shillingford v. Good, 95 Pa. 25 ; Teller v. Sommer, 132 Pa. 33 ; Conville v. Shook, 144 N. Y. 686 (39 N. E. Repr. 405) ; Perkins v. Hart, 24 U. S. 237. The statement of an account does not work an estoppel. It is prima facie an accurate showing of the standing of the parties as to a particular matter, but it has never been held to be so conclusive that one is bound to an account shown to be unjust or fraudulent.

The conclusiveness of the readings of the meter provided for in the contract has reference to the indication which the meter itself gave and not to the interpretation which a careless or inexperienced employee might give to the reading. If the meter showed that the defendant consumed the amount of electricity now alleged by the plaintiff the latter's right is unquestionable.

It is not necessary that the mistake be mutual. The question is, was the account correct? Nor is the plaintiff affected by the negligent act of its servant under such circumstances, as was shown in Girard Trust Co. v. Harrington, 23 Pa. Superior Ct. 615. The case presented is not that of a loss to fall upon one of two innocent persons. There has not been any loss, on the facts as found by the jury. The defendant got what he contracted for and is only charged for what he got at the price which he agreed to pay. It appears from the evidence that the bills presented to the defendant contained a gross error as to the amount of electricity consumed. The accuracy of the plaintiff's account as now presented is not contended against and no reason has been shown why the defendant should be relieved from the payment of money the consideration for which he has had and enjoyed.

The judgment is affirmed.