## Birdsong et al., Appellants, *v.* Coroneos et al.

*Sales—Mistake—Error in billing—Recovery for correct amount —Goods sold by defendant—Goods in possession of defendant.*

In an action of assumpsit to recover a balance alleged to be due on account of the sale of a large quantity of currants, sold by weight, it was claimed that an error had been made in the original billing, so that less than the proper number of pounds had been charged. The trial court properly held that there could be no recovery as to such part of the currants as had been sold and delivered by the defendants to third parties, without discovering the discrepancy, and before receipt of notice thereof.

The plaintiffs, however, were entitled to recover the difference between the amount paid and that which should have been paid for whatever part of the shipment which remained in the hands of the defendants, when the plaintiffs informed them of the fact of the mistake.

Argued October 11, 1921.   Appeal, No. 97, Oct. T., 1921, by plaintiffs, from judgment of Municipal Court of Philadelphia, June T., 1920, No. 218, for defendants, on the whole record, in the case of Silas A. Birdsong, Thomas H. Birdsong and George F. Birdsong, trading as Birdsong Brothers, v. John Coroneos, George Coroneos and Peter Coroneos, trading as Coroneos Brothers. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Reversed.

Assumpsit to recover value of merchandise not properly charged. Before MacNeille, J.

The defendants ordered 500 cases of currants, at seventeen and a half cents per pound, from the plaintiffs. An error was made by the plaintiffs in billing, so that two deductions were made for tare or weight of boxes, instead of one, which would have been correct. The plaintiffs notified defendants of the error promptly. Meantime, however, defendants had sold the currants to third parties, assuming the original figures to be correct. Part of the goods had been delivered to the third parties, and by them resold. Another part remained in the possession of the defendants when they received the notice, but were thereafter delivered, regardless of the notice, to the third party.

The jury disagreed, and the court subsequently entered judgment for the defendants upon the whole record. Plaintiffs appealed.

*Error assigned* was the action of the court in granting judgment for defendants.

*Percival H. Granger,* of *Reber & Granger,* for appellants.—The buyer is obligated, if he accepts the whole, to pay for it at the contract rate: see 44 (2) Sales Act of 1915, P. L. 555; Durahm v. Wick, 210 Pa. 128.

*J. Maurice Gray,* and with him *Samuel W. Salus,* for appellees.—A mistake will not be relieved against if it is the result of the party's own negligence: Electric Co. v. Poor District, 21 Pa. Superior Ct. 95; Pottsville Lumber Co. v. Wells, 157 Pa. 5.

Opinion by Henderson, J., March 3, 1922:

We may agree with the trial judge that as to the quantity of currants delivered by the defendants to Thomas Brothers, the plaintiffs' action could not be maintained for the reason that such delivery was made without

notice of the mistake made by the billing clerk of the plaintiffs at the time of the shipment of the merchandise to the defendants. The court found, and the evidence seems to support that finding, that the currants delivered to Thomas Brothers had been sold by them to various customers and the prices fixed on the basis of the weight of the currants shown by the plaintiffs' bill of sale delivered to the defendants, and which had been the basis of the contract of sale between the latter and Thomas Brothers. As to the merchandise which had passed into the actual possession of Thomas Brothers and had been by them sold and paid for without knowledge of the mistake of the plaintiffs' clerk, it may well be as the court found that the defendants had no means of recoupment. The goods had been delivered by them and had been paid for by Thomas Brothers. The latter had sold that which had been delivered to them to various customers and had been paid therefor on the basis of the mistaken weight. The defendants ought not therefore to be required to follow up the various sales which had been made by Thomas Brothers in an effort to correct the mistake. As to their vendees it does not appear that the latter had any means of rectifying the mistake and thus avoiding loss. The plaintiffs cannot reasonably complain that Thomas Brothers are not required, possibly by litigation, to respond for the former's mistake in such circumstances.

It appears however from the evidence, and is not disputed, that the defendants had in their possession and under their control 90 boxes of currants at the time they received notice from the plaintiffs that a mistake had been made. The fruit was not sold by the box, but by the pound at 17½ cents per pound. This is the amount which the defendants obligated themselves to pay and the sale to Thomas Brothers was also by the pound. The actual net weight was 23,832 pounds, whereas the defendants were charged with only 21,449 pounds. Clearly, therefore, the defendants did not pay for all

the currants.  There can be no doubt of the plaintiffs' right to recover from the defendants the price of the merchandise actually delivered if it were still in their possession.  It was within the power of the defendants, therefore, to correct the error as to that quantity by notifying their vendees that the boxes contained a greater weight than the plaintiffs' bill of sale to the defendants indicated, and Thomas Brothers could then have governed themselves accordingly in making delivery of the boxes to their customers.  Mistakes in measurement or count are subject to impeachment for fraud or mistake, and the doctrine of estoppel does not apply in such a case.  That is an equitable principle and is not applied to produce injustice.  It follows that the defendants cannot deny the plaintiffs' right to recover according to the terms of the contract for the actual amount of the shipment, nor could Thomas Brothers deny the right of the defendants to claim payment for full weight of the currants in the packages not yet delivered.  Instances of the correction of such mistakes may be found in: Standard Oil Co. v. VanEtten, 107 U. S. 319; Tustin v. Phila. & Reading C. & I. Co., 250 Pa. 425; Allegheny Co. Light Co. v. Thoma, 31 Pa. Superior Ct. 102.  The court was in error therefore in entering judgment for the defendant. The plaintiffs were entitled to recover the difference between the amount paid and that which should have been paid for the 90 packages still in the hands of the defendants when the plaintiffs informed them of the fact of the mistake.  This difference according to the evidence was $76.50, and for this the plaintiffs are entitled to judgment.

The judgment is reversed and judgment is now entered against the defendants and in favor of the plaintiffs for $76.50.