West Penn Power Company *v.* Nationwide Mutual Insurance Company, Appellant.

510

Argued November 16, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Lee C. McCandless,* for appellant.

*William C. Robinson,* with him *James F. Boyer,* and *Henninger & Robinson,* for appellee.

OPINION BY WATKINS, J., March 23, 1967:

This is an appeal from an order of the Court of Common Pleas of Butler County sustaining preliminary objections to appellant's new matter and striking as impertinent to the issue new matter in appellant's amended answer.

This action in assumpsit was brought by West Penn Power Company, the appellee, a public utility company, for electric service supplied to Nationwide Mutual Insurance Company, a corporation, the appellant, over a period of 31 months, beginning March 10, 1961, and ending September 10, 1963. Because of an error in billing or inadvertence on the part of the appellee, the customer was billed for less than the amount of elec-

tric service supplied and the customer paid the bills as presented. This action is for the difference between that billed and paid and the amount that should have been billed and paid based on the quantities (KWHRS) actually supplied.

The appellant in its answer, under new matter, averred facts to constitute defenses of accord and satisfaction, payment, estoppel, and breach of contract.

The appellee filed preliminary objections in the nature of motions to strike and in the nature of a demurrer, alleging that the only issue that the court could consider was the amount or quantity of service rendered by the public utility and whether or not payment for said service had been made in accordance with the effective tariff of the public utility as filed with the Public Utility Commission. The court below sustained the motions to strike and the demurrer and permitted the appellant twenty days to file amendment to the new matter.

The appellant filed an amendment and the appellee again filed preliminary objections in the nature of a motion to strike and in the nature of a demurrer, and alleged, inter alia, that the amended answer merely restated portions of the original answer and new matter which had been struck by the court's order. The court below agreed with the appellee and granted the motions and sustained the demurrer stating: "The only issue presented by the pleadings relates to the quantity of electricity (KWHRS) served by plaintiff to defendant during the 31 month period. The tariff or rate is established by law. The amount paid during the 31 month period is admitted. The alleged additional service above that originally billed by plaintiff is denied by defendant. This creates the issue."

We agree with the court below that the only issue is whether the appellant has paid in full for electricity furnished it by the utility. A utility can only charge

the customer the lawful rate as tariffed. It cannot make a special contract with the customer. There can be no favored treatment for a customer. It cannot demand or receive directly or indirectly a greater or lesser rate than specified in its tariff. Section 303, Act of May 28, 1937, P. L. 1053 (66 PS 1143).

This Court said in *Scranton Elec. Co. v. Avoca School Dist.*, 155 Pa. Superior Ct. 270, 37 A. 2d 725 (1944), that: ". . . Plaintiff's established rates apply to defendant the same as to other consumers notwithstanding the existence of any contract providing for a different rate or for free service." The Court also said in this case, at page 273: ". . . But, regardless of the source of the alleged rights, the granting of free service to defendant was discriminatory, and a violation of the Public Service Company Law and of the Public Utility Law."

In the above case a school district was involved, governed by the laws of the Commonwealth concerning public schools and subject to a yearly budget fixing the tax levy and setting forth income and expenditures. The fact that the appellant here is subject to the regulation of the Insurance Department of Pennsylvania in the fixing of premiums, is no different.

The fact that the erroneous monthly statements were paid by checks endorsed "Your endorsement hereon constitutes a receipt and release in full for all accounts and claims mentioned in the attached statement" does not constitute, under the facts in this case, an accord and satisfaction. The dispute arose as a result of rebilling at the end of the 31 month period. There was no dispute during the period that the utility was accepting and endorsing the checks for the account as billed. A dispute is an essential element of accord and satisfaction. There was no dispute here over an unliquidated claim and the appellee is not estopped from correcting an error in billing. *Melnick v. Nation-*

*al Air Lines,* 189 Pa. Superior Ct. 316, 150 A. 2d 566 (1959); *Law v. Mackie,* 373 Pa. 212, 95 A. 2d 656 (1953).

"The statement of an account does not work an estoppel. It is prima facie an accurate showing of the standing of the parties as to a particular matter, but it has never been held to be so conclusive that one is bound to an account shown to be unjust or fraudulent . . . If the meter showed that the defendant consumed the amount of electricity now alleged by the plaintiff the latter's right is unquestionable . . ." *Allegheny County v. Thoma,* 31 Pa. Superior Ct. 102 (1906).

The *Thoma* case, supra, held that where a customer of a utility had received monthly bills which, through a mistake of a clerk, were much less in amount than the contract called for, and has paid such bills, he cannot set up such bills as an account stated in an action against him to recover the difference between the amount of the bills and the amount due under the contract. It also held that an account may be opened or falsified on proof of mistake. Such an account is only prima facie evidence of its correctness and may be impeached by clear, precise and satisfactory evidence either of unfairness or mistake.

Order affirmed.