Randall W. GRAY, as Executor of the Estate of Phyllis E. Jones, Deceased, Appellee,

v.

Nina Leone SCHLEGEL and Shelby Jean Steinhoff, a/k/a Shelby Jean Goetz, as Executors of the Estate of C. Robert Daack, Deceased, Appellants.

No. 2–58291.

Supreme Court of Iowa.

April 19, 1978.

H. F. Reynolds, of Reynolds, Kenline, Breitbach, McCarthy & Clemens, Dubuque, for appellants.

David W. Leifker, of Hughes & Leifker, Dubuque, for appellee.

Considered by MOORE, C. J., RAWLINGS, LeGRAND, UHLENHOPP and HARRIS, JJ.

RAWLINGS, Justice.

Defendants appeal judgment on jury verdict for plaintiff in wrongful death action. Court of Appeals reversed, holding motion for judgment notwithstanding verdict should have been sustained, but in the interests of justice remanded for new trial. We reverse trial court but do not remand.

October 7, 1973, Phyllis E. Jones and C. Robert Daack were asphyxiated by propane gas which escaped from a refrigerator in Daack's houseboat. Jones' executor subsequently commenced this action against Daack's executors. For convenience these captioned parties will be referred to as plaintiff and defendants respectively. These are the relevant facts as disclosed by the evidence, viewed most favorably to the verdict.

In September, 1973, Daack purchased a houseboat which consisted of a one-room cabin on a motorless barge. Inside were a refrigerator, stove and lamps, all powered by propane gas contained in two externally located pressurized tanks.

October 6th, Daack entertained Jones in his houseboat. Also present for several hours were Harold and Helen Dixon. Harold Dixon's testimony reveals Daack told them he had been attempting to operate the refrigerator all afternoon, but without success. He removed a metal covering plate and in Jones' presence showed Dixon that the gas was burning. Daack then said:

> "[H]e was going to have to turn it off and maybe go up to town and see if there was somebody that knows something about it more than he did. He said, I don't want to get—what's that word—I said, asphyxiated. He said, we don't want to get asphyxiated."

Up to the time Dixons left the houseboat, however, Daack took no preventive measures and made no known attempt to turn off the refrigerator.

The next morning Dixon discovered the bodies of Daack and Jones in the cabin. Upon breaking a window and forcing open the door, Dixon noticed a strong gas odor. No one had smelled gas on the 6th. Dixon also observed that newspapers stuffed in a chimney hole, still intact the afternoon before, had been removed from the inside.

The present action ensued with attendant judgment from which this appeal is taken.

These are the issues presented for review: Did trial court err in (1) failing to sustain defendants' motion for judgment notwithstanding the verdict; (2) submitting a claim by Jones' adult children for lost services; (3) concluding damages awarded were supported by substantial evidence?

Our reversal is based on issue (1). Because we order no remand a resolution of issues (2) and (3) is unnecessary.

I. Defendants' principal contention is that they were entitled to judgment notwithstanding the jury verdict in favor of plaintiff. Detailed examination of portions of the trial record are now necessary.

By wrongful death action plaintiff originally alleged Daack was negligent in attempting to operate the refrigerator after he knew it was "not functioning properly" and failing to warn Jones or otherwise take reasonable precautions for her safety.

At pretrial conference plaintiff explained "not functioning properly" as stated in his petition meant "the pilot light failed to remain lighted and that the automatic shut-off valve did not shut off the flow of gas when the *pilot light* was extinguished." (emphasis supplied). An order to that effect was accordingly entered. Iowa R.Civ.P. 138.

Plaintiff concedes subsequent testimony by his own expert demonstrated the automatic shutoff valve failed to stop the flow of gas when the *main burner* was extinguished. This witness doubted the refrigerator's normal operation entailed continuous burning of the pilot light. Apparently counsel's pretrial misstatement was due to size similarities of the two flames.

Although counsel's foregoing technically inaccurate characterization of his case was the main topic of discussion at trial, we attach to it relatively little significance. The essence of plaintiff's theory, a malfunctioning automatic shutoff valve, was adequately described by his pretrial commitment.

II. However, another more glaring defect in plaintiff's case, also caused by his pretrial statement, mandates reversal.

By their judgment n. o. v. motion defendants voiced these two basic contentions: First, a failure of proof due to plaintiff's previously discussed pretrial reference to the pilot light, and second, a failure of proof that Daack knew or should have known of the defective shutoff valve. This second point was also made earlier in a timely motion for directed verdict, a motion to withdraw plaintiff's negligence allegations, and by objections to certain jury instructions.

Briefly stated, this is defendants' position. By his pretrial conference declarations, plaintiff effectively amended his petition. Accordingly, the burden was upon him to prove Daack was negligent in operating the refrigerator after he knew or should have known the automatic shutoff valve was malfunctioning. In light of the fact plaintiff's evidence establishes only that Daack knew the refrigerator was not *cooling* properly, plaintiff did not, as a matter of law, prove what he ultimately alleged. This position has merit.

Noticeably, trial court held plaintiff to the above stated pretrial amplification of his petition. The order itself prescribed finality absent any exception thereto within ten days of its promulgation. And such judicially imposed proviso is authorized by Rule 138, which says: "[A]n order reciting any action taken at the [pretrial] conference * * * will control the subsequent course of the action relative to matters it includes, unless modified to prevent manifest injustice." See *International Milling Co., Inc. v. Gisch*, 256 Iowa 949, 955, 129 N.W.2d 646, 650 (1964). Additionally, case law interpreting Fed.R.Civ.P. 16, after

which our Rule 138 was modeled, also recognizes the binding effect given pretrial conference orders and trial court's modification-related discretion. See generally 3 Moore's Federal Practice, ¶ 16.19 (2d ed. 1974); 6 Wright & Miller, Federal Practice & Procedure, § 1527 (1971). See also *Patten v. City of Waterloo*, 260 N.W.2d 840, 841–842 (Iowa 1977).

Furthermore, a Rule 138 order can operatively amend a pleading. Such result is contemplated by Rule 136(a), which states as one possible topic to be considered at pretrial conference "[t]he necessity or desirability of amending pleadings *by* formal amendment or *pretrial order.*" (emphasis supplied). Highly persuasive federal authorities are in accord. E. g., *Perma Research and Development v. Singer Co.*, 542 F.2d 111, 117 (2d Cir. 1976) (Van Graafeiland, J., dissenting), cert. denied, 429 U.S. 987, 97 S.Ct. 507, 50 L.Ed.2d 598 (1976); *Morales v. Turman*, 535 F.2d 864, 867 n. 7 (5th Cir. 1976); *Investment Service Co. v. Allied Equities Corp.* 519 F.2d 508, 511 (9th Cir. 1975); *Monod v. Futura, Inc.*, 415 F.2d 1170, 1173 (10th Cir. 1969). See also *Folkner v. Collins*, 249 Iowa 1141, 1145, 91 N.W.2d 545, 547 (1958).

Therefore, the "not functioning properly" language in plaintiff's petition was effectively superseded by plaintiff's pretrial amplification. Thus, plaintiff, in effect, forced himself to prove specifically that Daack knew or should have known the shutoff valve was defective. But as disclosed by the record Daack knew only that the refrigerator wouldn't cool. And there is no evidence from which the jury could find any connection between failure to cool and the deficient shutoff valve. In other words, Daack's actual knowledge was limited to a harmless fault completely unrelated to the cause of death.

Similarly, there is no evidence from which the jury could find Daack should have known of the *concealed* dangerous defect. Admittedly, plaintiff adduced substantial evidence from which the jury could find Daack appreciated a *risk* of asphyxia-

tion. But plaintiff concedes he did not prove requisite knowledge or discoverability of the risk-causing *danger*. That both elements are necessary is well settled. *Frantz v. Knights of Columbus,* 205 N.W.2d 705, 709–711 (Iowa 1973); Restatement, Second, Torts, § 343.

At cost of repetition, plaintiff by his petition originally alleged general negligence: The refrigerator was not functioning properly. Cf. *Bonnett v. Oertwig,* 234 Iowa 864, 866, 14 N.W.2d 739, 741 (1944). Had this allegation remained unchanged, a jury question as to whether Daack was negligent might have been engendered.

■ However, at pretrial conference plaintiff effectively restricted himself to an allegation of specific negligence—a defective automatic shutoff valve—an allegation from which he never sought to retreat even though manifestly not supported by the evidence. And it is axiomatic a trial court may submit to the jury only those allegations of ultimate fact which are supported by substantial evidence. *Miller v. Scholte,* 191 N.W.2d 773, 777 (Iowa 1971); *Perry v. Eblen,* 250 Iowa 1338, 1346, 98 N.W.2d 832, 836–837 (1959); *Kelly v. Muscatine, B. & S. R. Co.,* 195 Iowa 17, 21, 191 N.W. 525, 527 (1923); *Coleman v. Iowa R. L. & P. Co.* 189 Iowa 1063, 1072–1073, 178 N.W. 365, 369 (1920). See generally A. Loth, Problems in Pleading Negligence, 21 Drake L.Rev. 215 (1972). But compare Proposed Rule of Civil Procedure 69(a), submitted January 17, 1978, to the 1978 Session of the Sixty-Seventh General Assembly, pursuant to §§ 684.18–684.19, The Code 1977.

■ III. Essentially, the die was irretrievably cast in this case when trial court held plaintiff to his pretrial statements. Admittedly, Rule 138 allows modification of a related order "to prevent manifest injustice". Even so, plaintiff never requested any modification. At time of defendants' directed verdict motion plaintiff concerned himself with the pilot light controversy and in so doing ignored the more crucial aspect of his pretrial amendment, even though both facets were exposed with equal emphasis. From all this flows the conclusion

no abuse of discretion attended trial court's failure to sua sponte modify its pretrial order.

By the same token defendants' directed verdict motion should have been sustained. Failing that, trial court erred in not entering judgment for defendants notwithstanding the verdict. This means the Court of Appeals properly reversed.

IV. On the other hand, there is to us no reasonable basis upon which to presently remand for a new trial.

R.App.P. 26 provides:

"When a judgment is reversed for error in overruling a motion to direct a verdict, a motion for judgment under rule 243'b', rules of civil procedure or a motion to withdraw an issue from the consideration of the jury, and the granting of the motion would have terminated the case in favor of appellant, the appellate court may enter or direct the trial court to enter final judgment as if such motion had been initially sustained; provided that if it appears from the record that the material facts relating thereto were not fully developed at the trial or if in the opinion of the appellate court the ends of justice will be served thereby, a new trial shall be awarded of such issue or of the whole case."

Unquestionably, the Court of Appeals concluded material facts essential to plaintiff's cause of action were not fully developed at trial. We disagree. On the contrary, plaintiff's error at trial was in what he pled, not what he proved. Furthermore, the grant of a new trial to plaintiff would, in effect, excuse today what trial court permissibly refused to pardon, a refusal now twice approved on appeal.

■ Moreover, plaintiff's pleading error is not the type of mistake Rule 26 was intended to remedy. Remand is available only when the judgment n. o. v. motion is premised on Rule 243(*b*): an improperly overruled directed verdict motion. However, plaintiff's mistake is more akin to that described in Rule 243(*a*): failure to aver some material fact necessary to the cause of action.

In brief, remand is neither authorized nor appropriate.

V. In light of the fact our holding today focuses upon the purpose and scope of a pretrial conference, which may in the future assume additional importance, this apt observation is deemed worthy of repetition:

"The so-called technicalities of the law are not always what they seem. When they establish an orderly process of procedure, they serve a definite purpose and are more than technical; they have substance, in that they lay down definite rules which are essential in court proceedings so that those involved may know what may and may not be done, and confusion, even chaos, may be avoided. They are necessary; without them litigants would be adrift without rudder or compass. We have, and should have, no compunction in following them when they are clear and definite." *Esterdahl v. Wilson,* 252 Iowa 1199, 1208, 110 N.W.2d 241, 246 (1961).

REVERSED BUT NOT REMANDED.