## Pennsylvania Power and Light Company v. McMaster

*John E. Person, III,* for plaintiff.
*Larry E. Coploff,* for defendant.

BROWN, *P.J.,* April 7, 1984—This is an action in assumpsit by plaintiff to recover the cost of unpaid electrical bills of defendant. A complaint was filed May 18, 1983 in which plaintiff alleged that defend-

ant had not paid bills totalling $1,062.96. Defendant filed an answer, new matter and counterclaim on June 22, 1983 alleging that plaintiff had negligently billed defendant and had failed to rectify the problem.

The electrical service in question was provided to two apartments. The meters on these two apartments had apparently been switched. This caused the smaller of the two apartments to have a larger bill than the larger apartment. The defendant alleges that he had an agreement with his tenants whereby he would pay a set amount and for anything over this amount the tenants would reimburse him. However, due to the meters being switched, defendant did not collect this amount from his tenants while the bill was in dispute. When it was actually determined which apartment owed what amount, the tenants who owed the amount of $369.46 had absconded. Defendant has brought a claim alleging negligence for this amount. Defendant does not dispute that he used the total amount of electricity billed by plaintiff, nor that the charges were fair and reasonable.

Plaintiff filed a motion for summary judgment pursuant to Pa.R.C.P. 1035 on November 4, 1983 and the only question is whether a customer may bring an action for negligent billing by a public utility in Pennsylvania. If the court finds that defendant cannot bring this suit and since the total amount of electricity used by the defendant is not in dispute, the court should enter a summary judgment.

Defendant argues that his allegations are sufficient to state a cause of action in Pennsylvania, mainly, on the decision of Feingold v. Bell of Pennsylvania, 477 Pa. 1, 383 A.2d 791 (1977). In Feingold, the Supreme Court held that plaintiff, a customer, did not have to exhaust the administrative remedies of the Public Utility Commission be-

fore bringing his action before the Court of Common Pleas. Plaintiff in Feingold had sued the utility company for negligent service, i.e. failure to list plaintiff's correct phone number in the directory, failure to continue to play a recorded message on plaintiff's former phone number directing prospective clients to a new number, and failure to process plaintiff's application for mobile phone service.

In the present case, the Defendant is asserting a claim for negligent billing by the Plaintiff. In West Penn Power Company v. Nationwide Mutual Insurance Company, 209 Pa. Super. 509, 228 A.2d 218 (1967), defendant was negligently billed a lesser monthly amount than defendant had used. The court held that the utility is bound by the law to only accept the amount set by the Public Utility Law. It cannot demand or receive directly or indirectly a lesser amount.

The Lycoming County Court of Common Pleas has also held that a customer of a utility could not assert a claim for lost profits arising from negligent underbilling from a utility over a period of years. The court held that a utility is ordinarily vulnerable to a negligence claim; but an exception exists when the negligent conduct involves an error in billing. The court would not permit a counterclaim by the customer based on the negligence, if it would result in a disparity of rates to consumers. Pennsylvania Power & Light Company v. Eureka Paper Box Company, Inc., No. 77-3156, Court of Common Pleas of Lycoming County, Pa.

It must also be noted that defendant's chief authority for allowing this claim, Feingold, had expressly not decided that issue. The court stated:

For the purposes of this appeal, the court may assume, without deciding, that the factual allegations in appellant's complaint would, if proven, constitute an actionable claim. Whether these allegations are

legally sufficient to state a cause of action is an issue that the court below did not reach, because the court based its dismissal of appellant's complaint upon his failure to exhaust administrative remedies. Feingold v. Bell of Pennsylvania, 477 Pa. 1, 5, 383 A.2d 791, 793 (1977), footnote 2.

Therefore, the court never reached the decision that defendant asserts in this action, that a cause of action exists.

This court must agree with plaintiff that a cause of action as set forth in defendant's counterclaim does not lie in Pennsylvania. There being no other genuine issue as to any material, relevant fact, the court will grant summary judgment in favor of plaintiff.

## ORDER

And now, April 7, 1984, based upon the foregoing opinion, it is hereby ordered that plaintiff's motion for summary judgment be granted and judgment be entered for plaintiff in the amount of $1,062.96 on plaintiff's claim and in favor of plaintiff on defendant's counterclaim.