IOWA ELECTRIC LIGHT & POWER
COMPANY, Appellant,

v.

WENDLING QUARRIES,
INC., Appellee.

No. 85–1121.

Supreme Court of Iowa.

June 18, 1986.

Bruce Washburn, Thomas J. Pitner and Andrew P. Matthews, Cedar Rapids, for appellant.

William L. Meardon and Thomas D. Hobart of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellee.

McGIVERIN, Justice.

This is an interlocutory appeal, Iowa R.App.P. 2, by plaintiff from a trial court ruling on its application for adjudication of law points. Iowa R.Civ.P. 105. The trial court overruled the application on the ground that there were material facts in dispute. We conclude that the court, nevertheless, should have ruled on the merits of plaintiff's application, and, thus, we reverse and remand for further proceedings.

Defendant Wendling Quarries, Inc. (Wendling), an Iowa corporation, operates a quarry located in Atalissa, from which it mines and sells its products. In March or April of 1977, plaintiff Iowa Electric Light and Power Co. (IE), the supplier of Wendling's electricity for its business, installed a new electric meter. The old meter reading was to be multiplied by 300 in order to determine the correct amount of defendant's electric usage, but the new meter had to be multiplied by 450. Due to an apparent clerical error, IE failed to change its records to reflect this difference. The mistake was discovered in June 1981, and, thus, IE informed Wendling that it had been underbilled for the period of March or April 1977 until June 1981 in the amount of $127,594.36.

Upon the power company's demand for payment of that amount, defendant refused. Defendant, however, continued to pay its current monthly charges for electricity. IE then brought this action against Wendling for the amount it alleged was still due for the electricity that it furnished defendant during the period of underbilling. In its answer, defendant raised various affirmative defenses, such as the statute of limitations, estoppel, laches, and accord and satisfaction. Defendant did not allege or admit that it had not actually consumed the electricity furnished during the period in question.

Defendant also counterclaimed alleging that if judgment were entered against it, defendant was entitled to recover from plaintiff in like amount. In count one, Wendling claimed that due to plaintiff's negligence in underbilling, it had wrongly calculated its charges to customers based on IE's monthly statement. Wendling would have no way of recovering these additional amounts charged for electrical services from its customers. In count two, defendant claimed that plaintiff had breached a series of one month oral contracts whereby IE implicitly agreed to accurately measure and bill Wendling for its electric usage.

Plaintiff then filed an application for adjudication of law points, Iowa Rule of Civil Procedure 105, contending that defendant's various defenses of estoppel, laches, and accord and satisfaction as well as the counterclaim were barred as a matter of law.

IE relied on Iowa Code section 476.5 (1977) [1] which provides in part:

> No public utility subject to rate regulation shall directly or indirectly charge a greater or less compensation for its services than that prescribed in its tariffs, and no such public utility shall make or grant any unreasonable preferences or advantages as to rates or services to any person or subject any person to any unreasonable prejudice or disadvantage.

To permit an undercharge, whether intentionally or inadvertently made, IE contended, would be to grant a preferential rebate to a customer in violation of this statutory mandate of nondiscriminatory rates. Thus, IE argues that for statutory and public policy reasons Wendling's equitable defenses and counterclaims were insufficient in any event.

In its resistance to the motion, defendant claimed that elimination of the affirmative defenses and counterclaim would deny it due process and equal protection of the law.

The trial court overruled the motion because it believed there were disputed issues of material fact. We granted plaintiff permission for this interlocutory appeal of the trial court's ruling. Thus, we consider the propriety of the trial court's refusal to rule on the merits of plaintiff's application.

■ Iowa Rule of Civil Procedure 105 allows a party to obtain an adjudication of "any point of law raised in any pleading which goes to the whole or any material part of the case." Our cases have interpreted this rule to mean that an adjudication can be made in two instances.

First, such a ruling is proper when no material facts are in dispute. *See Montz v. Hill-Mont Land Co.*, 329 N.W.2d 657, 657 (Iowa 1983). If the pleadings reveal fact issues with respect to law points, disposition under rule 105 is inappropriate unless the parties stipulate the required facts. *Warden Plaza v. Board of Review*, 379 N.W.2d 362, 363 (Iowa 1985).

Second, a purely legal issue may be adjudicated despite the existence of controverted pleadings if the court is presented with a "legal issue that is independent of a disputed factual issue and a ruling favorable to the applying party will necessarily be dispositive of the case in whole or in part." *State ex rel. Miller v. Hydro Mag, Ltd.*, 379 N.W.2d 911, 913 (Iowa 1986).

■ In this case, there are disputed factual matters. We also note that the parties have not entered into a stipulation of the required facts. Thus, under the first test of when an adjudication under rule 105 is proper, plaintiff's application fails.

However, under the test stated in *Hydro Mag*, an adjudication would have been proper. We note the trial court did not have the benefit of that case when making its ruling. A ruling on the availability of

---

**1.** 250 Iowa Admin.Code § 20.4(14)(f), which is promulgated pursuant to section 476.5, provides:

> *Undercharges.* When a customer has been undercharged as a result of incorrect reading of the meter, incorrect application of the rate schedule, incorrect connection of the metering installation or other similar reasons, the tariff may provide for billing the amount of the undercharge to the customer.

defendant's affirmative defenses of estoppel, laches, and accord and satisfaction and on the viability of the counterclaim favorable to the appellant-plaintiff would have disposed of the case in part. The remaining issue to be litigated would be defendant's statute of limitations defense. For these reasons, we conclude that this case was appropriate for a rule 105 disposition under our language in *Hydro Mag.*

A trial court is not without guidance on these various questions. *See Louisville & Nashville Railroad Co. v. Maxwell,* 237 U.S. 94, 97, 35 S.Ct. 494, 495, 59 L.Ed. 853, 855 (1915) (deviation from published rates of a common carrier not permitted for any reason); *Corporation De Gestion STE-FOY v. Florida Power & Light Co.,* 385 So.2d 124, 126 (Fla.Ct.App.1980) (consumer of public utility simply has no defense—either of estoppel or accord and satisfaction—to charges for services actually furnished but negligently underbilled); *Heuer Truck Lines v. Brownlee,* 239 Iowa 267, 270, 31 N.W.2d 375, 377 (1948) (common carrier must charge its tariff rates and any agreement to the contrary is unlawful and void); *Cummings Sand & Gravel Co. v. Minneapolis & St. Louis Railroad Co.,* 182 Iowa 955, 964, 166 N.W. 354, 357 (1918) (common carrier could not be barred from collecting the rate called for in its tariff); *West Penn Power Co. v. Nationwide Mutual Insurance Co.,* 209 Pa.Super. 509, 512-13, 228 A.2d 218, 220 (1967) (past payment of erroneous monthly public utility bills cannot effect an accord because no claim was then in dispute); *Chesapeake and Potomac Telephone Co. v. Bles,* 218 Va. 1010, 1014, 243 S.E.2d 473, 476 (1978) (principle of estoppel is not available as a defense to a claim of a public utility for undercharges negligently billed to the customer); *Wisconsin Power & Light Co. v. Berlin Tanning & Manufacturing Co.,* 275 Wis. 554, 560-61, 83 N.W.2d 147, 150-51 (1957) (court disallowed public utility customer who was negligently underbilled to raise affirmative defenses of laches, estoppel, and customer was not able to collect damages due to its reliance on the bills from the utility); *see also* Iowa Code § 476.5 and 250 Iowa Admin.Code § 20.-4(14)(f).

We conclude the trial court erred in overruling plaintiff's application for adjudication of law points on the basis that disputed facts existed. Because the trial court did not consider the legal issues raised in the application that were independent of the disputed factual issues and a ruling favorable to the applicant on those legal issues may necessarily be dispositive of the case in part, we remand for further appropriate proceedings.

REVERSED AND REMANDED.

All Justices concur except LARSON and CARTER, JJ., who take no part.