Bernice BRUNSON and Donald Brunson, Appellants,

v.

John L. WINTER, Defendant,

and

Robert C. Starr, Appellee.

No. 88–767.

Supreme Court of Iowa.

July 19, 1989.

John S. Pieters of Pieters & Pieters, Waterloo, and Stephen D. Lombardi, Des Moines, for appellants.

Timothy W. Hamann of Clark, Butler, Walsh & McGivern, Waterloo, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and SNELL, JJ.

SCHULTZ, Justice.

Plaintiffs Bernice Brunson and Donald Brunson, husband and wife, commenced this action against John L. Winter and Robert C. Starr, seeking damages from a motor vehicle accident. Bernice Brunson claims that she stopped her automobile on the highway because Winter was backing his vehicle into her lane of traffic. In the process of stopping, Brunson's vehicle was struck from behind by a vehicle owned by Robert C. Starr and driven by his wife, Donna K. Starr. Bernice sought damages for her injuries and property loss. Donald sought damages for loss of consortium.

Plaintiffs' action was unsuccessful. Following a hearing on a pre-trial adjudication of law points motion, District Judge J.W. Frye ruled that any vicarious liability Robert C. Starr might have had to Bernice Brunson under Iowa Code section 321.493 (1985) was discharged by a release executed by Bernice in favor of Donna Starr. At trial, the jury returned special verdicts finding Winter was not at fault and against Donald Brunson on his loss of consortium claim. Accordingly, Judge Gilbert K. Bovard entered judgment against the plaintiffs on their entire action.

On appeal, plaintiffs challenge (1) the adjudication of law points ruling; (2) the adequacy of the jury verdicts; and (3) an evidentiary ruling. Starr cross-appeals on an evidentiary ruling. After the appeal was taken, we dismissed Winter, as a party to the appeal, because no appellate issues were directed toward him.

I. *Adjudication of Law Points.* In addressing Bernice Brunson's challenge to the adjudication of law points ruling, we first examine the origin of the relief requested. This application had its genesis in the pre-trial conference held on August 3, 1987. In its pre-trial order, the district court directed the filing of an appropriate motion to adjudicate points of law (Iowa Rule of Civil Procedure 105) on the issue concerning the effect of the release. The court stated that the issue "is based upon the fact that the plaintiff Bernice Brunson has given to Donna Starr, operator of the Starr automobile, ... a complete release." The court then posed the question "whether the owner Starr (whose liability is derivative under [Iowa Code section] 321.393) is now responsible where the operator has been released."

Defendant Starr filed an application for an adjudication of law points on the release issue, attacking the release. The release specifically reserved to Bernice Brunson all causes of action against other parties, including Mr. Starr. In its ruling sustaining Starr's application, the court concluded:

> that any liability of Robert C. Starr is vicarious under Section 321.493 ... and that such derivative liability of the defendant, Robert C. Starr, was discharged when the plaintiff released Donna K. Starr, ... in spite of the statements made in the release attempting to re-

serve and preserve any claim against ... Robert C. Starr.

On appeal, Bernice Brunson urges that the release's effect was not an appropriate issue to be determined under rule 105. Specifically, she contends that the release issue was not raised in the pleadings as the rule requires and the determination of the release's validity necessarily involved questions of controverted facts. We conclude, however, that these matters were resolved at the pre-trial hearing.

■ Rule 105 allows a party to obtain an adjudication of "any point of law raised in any pleading which goes to the whole or any material part of the case." Such a ruling is proper when no material facts are in dispute. *Iowa Elec. Light & Power Co. v. Wendling Quarries, Inc.*, 389 N.W.2d 847, 848 (Iowa 1986). If the pleadings reveal fact issues with respect to the law points, disposition under rule 105 is generally inappropriate unless the parties stipulate the required facts. *Id.*

In this case, Starr's answer did not plead a defense grounded on the release. The release appeared in the record subsequent to Starr's answer. On August 3, 1987, the date of the pre-trial conference, defendant Winter served an interrogatory on Brunson requesting information of settlements and the identity of any person released, including Donna Starr. The interrogatory was promptly answered by the production of a copy of the release given to Donna Starr by Bernice Brunson. Counsel for each of the parties appeared and participated in the pre-trial conference. As a result of that conference, the court, pursuant to Iowa Rule of Civil Procedure 138 (1989), recited the action taken. In its written order, the court described the release issue and stated as a fact that a "complete release" has been given to Donna Starr. As shown by its pre-trial order, the court identified the issue and suggested a method of disposition.

We believe that the district court's enunciation of the issue, in the pre-trial order, effectively amended the pleadings, thereby complying with rule 105. An order reciting the action taken at a pre-trial conference shall control the subsequent course of the proceedings unless modified by a subsequent order. Iowa R.Civ.P. 138; *Gray v. Schlegel*, 265 N.W.2d 156, 158 (Iowa 1978). In *Gray*, we commented on a rule 138 order and its relationship with Iowa Rule of Civil Procedure 136(a) (1978) (pretrial conferences),[1] stating:

> Furthermore, a Rule 138 order can operatively amend a pleading. Such result is contemplated by Rule 136(a), which states as one possible topic to be considered at pretrial conference "[t]he necessity or desirability of amending pleadings *by* formal amendment or *pre-trial order.*"

*Id.* at 158 (citations omitted). Consequently, the district court was acting within its authority under rule 136(b)(1) when it placed the defense of release as an issue in the case and directed the parties to seek an adjudication of law points on its effect.

■ Brunson simply failed to raise this issue by a timely objection. Although she participated in the pre-trial conference and the hearing on the application to adjudicate law points, Brunson neither sought to amend the pre-trial order nor filed any resistance to the application. Before trial, she never made any contention that the issue of release was not in the pleadings. Her present claims were first raised when trial commenced. That was too late. An adjudication of law points "shall not be questioned on the trial of any part of the case...." Iowa R.Civ.P. 105. In determining whether error has been preserved in a ruling on a rule 105 motion, "we must examine the arguments prior to the adjudication of points of law and those points passed upon by the court." *In re Estate of*

---

**1.** Rule 136(a) was amended by Acts 1979 (69 G.A.) chapter 173, effective July 1, 1979. The amendment made no change in its language and merely recaptioned the subsection as Iowa Rule of Civil Procedure 136(b)(1). Rule 136(b)(1) retained the same language at the time of the pretrial hearing on August 3, 1987. It was amended by Supreme Court Report of June 16, 1987, effective September 1, 1987. The latest amendment deleted specific reference to amending the pleadings by pretrial order.

*Dodge*, 281 N.W.2d 447, 450 (Iowa 1979). Our review of the record discloses no objection or challenge of any kind to the proceedings. Thus, error was not preserved.

■ As to Brunson's second argument asserting controverted facts, we similarly find that error, if any, was not preserved. In the pre-trial order, the court stated as a fact that the release given Starr "was a complete release." An admission made by an attorney at pre-trial hearing is binding upon his client and substitutes for proof at trial. 88 C.J.S. *Trial* § 17(2), at 46 (1955); *Mitchell v. Walton Lunch Co.*, 305 Mass. 76, 25 N.E.2d 151, 154 (1939). As indicated above, the pre-trial order, unless subsequently modified, controls the subsequent course of the action.

Bernice Brunson did not challenge the validity of the release following the pretrial order or during the rule 105 hearing. At the time of trial, counsel for Mrs. Brunson alluded to the lack of affirmative pleadings on the release and complained of being denied the opportunity to show a lack of consideration for the release or a mutual mistake of fact. The court ruled that this issue had been decided under the application for adjudication of law points. We agree that this issue and its determination had properly become the law of the case.

In conclusion, we hold that the adjudication of law points ruling arose from uncontroverted pleadings. Bernice Brunson's claim to the contrary must be rejected. The appeal did not challenge the validity of the court's interpretation of the release's effect. Accordingly, we need not pass on whether the ruling is substantively correct.

II. *Damages.* While the ruling to adjudicate law points effectively dismissed Bernice Brunson's action against Starr, her claim against Winter remained. Similarly, Donald Brunson's loss of consortium action also remained pending. The trial court submitted the issue of the comparative fault of Bernice Brunson, Donna Starr and Winter. The jury determined that Donna Starr was 60 percent at fault, Bernice Brunson 40 percent at fault, and John L. Winter bore no fault. The jury also deter-mined Bernice Brunson's property and personal injury damages, but found against Donald Brunson on his loss of consortium claim.

On appeal, Bernice Brunson asserts that her award is inadequate. In view of our determination that the district court correctly ruled on the adjudication of law points and the jury finding that Winter bore no fault, Bernice Brunson was not entitled to damages. Consequently, we need not consider this contention.

■ Additionally, Donald Brunson claims that he suffered loss of spousal consortium. He maintains that because the jury verdict ignored the uncontroverted damages, it is inadequate and must be reversed. In its instruction, the court defined spousal consortium and instructed on valuing loss of consortium damages. The jury obviously determined that Donald Brunson suffered no such damage. Donald Brunson does not complain about the instructions; he merely complains that the jury awarded no recovery.

In a companion case, *Witte v. Vogt*, 443 N.W.2d 715 (Iowa 1989), we today affirmed the doctrine that an inadequate award warrants a new trial. Here, the court instructed the jury that Donald Brunson was not charged with the fault of any other person, which would include his wife. Consequently, if he was damaged, he was entitled to an award.

However, we cannot say that Donald Brunson proved that he suffered damages in an ascertainable amount. Mr. Brunson had retired some time prior to the accident. Several months before the accident, he had moved to Arizona where he was helping to set up a sheet metal shop. His wife remained in Iowa and had surgery, which was prior and unrelated to the accident. He did not return to Iowa for his wife's surgery or during her convalescence. Nor did he return to Iowa following this accident when his wife was hospitalized and recovering. Although he complained about his loss of companionship with his wife and a loss of services by her, a reasonable jury could have determined that his loss was insufficient to support a money award.

We do not believe that the court abused its broad discretion in refusing to grant a new trial on this issue.

III. *Evidentiary Rulings.* Finally, plaintiff Bernice Brunson complains that the trial court erred in allowing the impeachment of her medical witness with irrelevant hearsay statements relating to the doctor's reputation. In view of our determination that neither Winter nor Starr have any personal liability to Bernice Brunson, we need not reach this issue. The doctor's testimony was confined to the damages issue and has no relevant affect upon the issue of liability. Assuming, without deciding, that error was present, it would not affect the determination of Starr's liability which was instead made in the pre-trial ruling.

In a cross-appeal, Starr raised an evidentiary issue. In light of our holding that the trial court correctly determined liability adverse to Bernice Brunson, we need not address this issue.

AFFIRMED.